CASE 74—PETITION EQUITY—OCTOBER 22.

# Tohermes v. Beiser, &c.

### APPEAL FROM KENTON CHANCERY COURT.

HOMESTEAD.—Where a debtor sells a tract of land worth as much as one thousand dollars, upon which he resided at the time his debts were created, and which he then claimed as his homestead, he will not be permitted to remove and claim as his homestead a distinct tract of land which was subject to his debts at the time they were created. And it is not material that he had, prior to the creation of his general indebtedness, created liens upon the land which he then claimed as his homestead amounting to its full value.

ORLANDO P. SCHMIDT FOR APPELLANT.

The homestead exemption does not apply in a case like this as against debts created before the property was occupied as a homestead. (Gen. Stat., chap. 38, art. 13, secs. 9 and 16; Thompson on Homestead Exemptions, secs. 130, 245, 246 and 299; Laing v. Cunningham, 17 Iowa, 510; Brainard v. Van Kuran, 22 Iowa, 264; Caldwell v. Seivers & Co., 85 Ky., 38; Williams v. Rose, MS. Op., Jan., 1885; Fish v. Hunt, 81 Ky., 585; Griffin v. Proctor's Adm'r., 14 Bush, 573.)

Cases commented on: Carter, Fisher & Co. v. Goodman, 11 Bush, 228; Nichols v. Sennett, 78 Ky., 632; Bennett v. Baird, 81 Ky., 554; Hayden v. Robinson & Co., 83 Ky., 615; Franks v. Lucas, 14 Bush, 395; Hansford v. Holden, 14 Bush, 219; Jarboe v. Colvin, 4 Bush, 70.

JAMES P. TARVIN FOR APPELLEE.

Where the debtor is in the actual occupancy of the homestead at the time the attempt is made to subject it he is entitled to the exemption. (Nichols v. Sennett, 78 Ky., 630; Fish v. Hunt, 81 Ky., 585.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

About the year 1872, appellee Beiser became owner of two distinct lots of land in Central Covington, numbered 35 and 36. Upon the last named he erected a dwelling house and occupied it with his family; and upon the first he also erected a dwelling house, afterward occupied by tenants, from whom he received rent. Upon lot 36 there were created liens for about one thousand seven hundred

dollars, full value of it; and when this litigation commenced there was also a mortgage lien in favor of Dudley upon lot 35, though not for its full value.

Prior to December 27, 1888, appellee Beiser became indebted to appellant Tohermes about the sum of two hundred and thirty-five dollars, for which an action ordinary was instituted early in December, 1888, and judgment rendered at the ensuing January term. Upon that judgment execution was issued and levied upon lot 35, and at the sale made in pursuance of such levy, appellant Tohermes became purchaser at the amount of his judgment. Soon thereafter he commenced this action in equity, making the mortgagee Dudley a party, for the purpose of subjecting lot 35 to pay first the Dudley debt, the superiority of whose lien was conceded, and then to satisfy his debt. But by the judgment appealed from the proceeds of sale of lot 35, which had been previously made by commissioner of court, were applied, so far as necessary, to pay Dudley, and the residue, instead of being applied to pay the debt of appellant, was directed to be paid to appellee Beiser, the debtor. Payment of such residue to him, instead of appellant, his creditor, was adjudged by the lower court upon the theory he had a homestead right in lot 35 that was subordinate only to the mortgage lien of Dudley, voluntarily created by him.

Section 10, article 13, chapter 38 General Statutes provides in substance that, before a coercive sale of land occupied as a homestead, such part thereof as the defendant may select, not exceeding one thousand dollars in value, shall be set apart to him. And by section 12 it is provided that in case land so occupied as a homestead by the defendant, yet subject to coercive sale, shall exceed in

Tohermes v. Beiser, &c.

value one thousand dollars and be not divisible without diminution of its value, the proceeds of such sale to the value of one thousand dollars shall be first, and to the exclusion of the creditor's demand, paid to the debtor.

It has been held by this court that a debtor may select any part of a tract of land occupied by him as a homestead, which he desires to be exempted from coercive sale, even though the dwelling house be on the part not so selected and retained for a homestead. And a debtor may even voluntarily sell off that part of his land upon which the dwelling house is situated, retaining a homestead right in the remainder, though there be at the time no dwelling house on it. But in this case the debtor selected and occupied as a homestead for many years lot 36, worth over one thousand dollars, which was distinct from lot 35, that he had continued to lease to tenants for about an equal length of time, never at any time occupying or claiming it as his homestead until December 27, 1888, when he moved into it, after appellant's debt was created, and after the action to recover judgment therefor was instituted and process thereon actually served on him. The fact he had voluntarily created liens on lot 36 prior to his indebtedness to appellant does not change the legal aspect of the case. For it is to be presumed credit was given to him by appellant upon the faith lot No. 35 was entirely free from his homestead right, never having been previously occupied or claimed by him as such. And he did not in law or fact have any homestead right or interest whatever in lot 35 at the time his indebtedness to appellant was created. Nor did appellant, so far as this record shows, have actual notice of the incumbrance on lot 36, even if such notice could affect him. To permit a

debtor to sell and remove from one lot or distinct tract of land, worth more than one thousand dollars, and for many years claimed and occupied as his only homestead, and to remove to and claim as such homestead another lot or distinct tract, that was subject to his debts at the time they were created, never was intended by the Legislature, and would offer a facility for fraud and bad faith never contemplated.

The judgment is reversed and cause remanded, with directions to apply the proceeds of lot 35, now in dispute, toward payment of appellant's debt.