THOMAS KELLEY, Receiver, v. C. P. WILLIAMS *et al.*, Appellants.

**Homesteads:** USE: *Contiguous lots.* Under Code 1873, section 1995 1996, providing that a homestead cannot embrace several lots or· tracts unless they are contiguous or habitually and in good faith used as part of the same homestead, and that if in a town plat it·

1   must not exceed one-half acre, and if not it must not exceed forty acres, where the barns and the stables on one of the two lots. claimed by defendant as a homestead have for many years been rented he cannot be said to have used the same in good faith as. part of the same homestead.

INHERITED INTEREST IN: *Exemption.* Where a wife left a homestead. to husband and children, and the husband afterwards, by tl e· death of a child, acquires its interest, such interest is subject to a. judgment against the husband.

*Appeal from Keokuk District Court.*—HON. BEN McCOY,. Judge.

SATURDAY, DECEMBER 16, 1899.

SUIT in equity to establish a lien on certain property the title to which is in defendant Williams, and to declare the lien of plaintiff's judgment prior and superior to the mortgage lien of defendant Follman. · There was a decree for plaintiff, and defendants appeal.—*Affirmed.*

*C. M. Brown* for appellants.

*D. T. Stockman* for appellee.

DEEMER, J.—In 1896 plaintiff obtained a judgment against the defendant Williams which he seeks to have declared a lien upon certain property owned and occupied by Williams. Follman claims to have a contract lien on the premises prior and superior to plaintiff's judgment. Williams claims that the property is his homestead. In the year 1879 Williams' wife became the owner of what is known as lot 2, block 2, in the town of Richland, which was thereafter used and occupied by the family as a homestead. The wife died in the year 1882, leaving her husband and five children surviving. Since the death of the wife, defendant Williams has continued to use and occupy the property as a homestead. One of the children died without issue, and defendant, as the sole and only heir, succeeded to her interest in the property. In the year 1880, Williams purchased what is known as lot 5, in the southwest one-fourth of the northeast one-fourth of section 27, township 74, range 10,which lot is identical with lot 9, in the same section, according to a subsequent survey. As we understand it, this lot is part of an irregular survey, and is sixty-six feet north, and the same distance east, of lot 2, block 2. About the time of the purchase of lot 5, Williams built a barn and some sheds thereon, and he claims that he has been using the same in connection with lot 2, and as part of the homestead, ever since.

Section 1995 of the Code of 1873, which governs this case, provides that the homestead must in no case embrace different lots and tracts, unless they are contiguous, or unless they are habitually and in good faith used as part of the same homestead; and section 1996 provides that if within a town plat it must not exceed one-half acre in extent, and if not within a town plat it must not embrace in the aggregate more than forty acres. From a reading of these two sections together, we think it clear that a homestead may consist of a lot and tract of land, or of either; but that where they are not contiguous, as in this case, it must be shown that they are habitually and in good faith used as a part of the same homestead. We have no occasion to consider what the limit should be where part of the homestead is within and part without a town plat; for, if we hold that, in legal effect, both tracts are within the town plat, they do not exceed one half acre in extent.

It is shown by the evidence that for many years Willams has rented the stable and outbuildings, and has not used the same as a part of the homestead, habitually and in good faith; and we are also satisfied that the debt on which plaintiff's judgment is founded accrued prior to the time of the acquisition of lot 5. It is not our custom to set out the evidence on which we rely. Ultimate conclusions only are important.

The interest and estate that defendant Williams has in lot 2, block 2, in virtue of his succession to the rights of his deceased child, is subject to the lien of plaintiff's judgment; and, as lot 5 is also subject to that lien, the decree of the district court is correct. Counsel admit that Follman's claim has been satisfied; hence there is no occasion to consider the appeal as to him.—AFFIRMED.

GRANGER, J., not sitting.