BREAUX, J.
Plaintiff claims a homestead on real estate in the town of Franklin, St. Mary. The property which he claims as his homestead was seized by defendant for a debt due by plaintiff to defendant firm. Plaintiff procured an injunction preventing the sale of the property seized. In his petition he averred that the lot has a front of 75 feet on Wilson street, by a depth of 150 feet, bounded east by Third street, south by lot of Tessero, and west by lot of William Murphy, with improvements thereon.
He averred further that he bought the property for $550, and that after his purchase he erected small buildings thereon, which cost him about $800, and that the property is not worth over the amount of these two sums, viz., $1,350.
Plaintiff is a workingman of very limited means, and is the head of a family dependent upon him. The issue is whether he has abandoned his homestead on that portion which defendant caused to be seized.
Defendants and appellants urge that plaintiff had divided his lot, and ceased to occupy that portion which appellant the judgment creditor had seized; that he had built a house on the portion not seized, in which he resided, and that a fence separated the property that was seized from that which had not been seized; that the plaintiff rented out the seized portion to his tenants.
The record shows that plaintiff lets out two small houses on his lot, adjacent to that seized — one for $12 a month, and the other for $4 a month.
The. plaintiff bought the whole lot some time ago. His contention is, that he leased part of the whole occupied by him is not an abandonment of his homestead.
The record discloses that he bought the lot, and afterward built two small, cheap houses, as before mentioned; that he lets the two small houses, and the other he occupies. There is a fence separating his ■ own house from those he lets, but they are all on the same lot originally bought by plaintiff, as before mentioned.
Appellee moved to dismiss the appv.al for want of jurisdiction. The case falls within the terms of article 85 of the Constitution of 1898, which provides that the Supreme Court shall have appellate jurisdiction in all suits on the merits, including homestead exemptions. There is no merit in appellee’s motion to dismiss the appeal. It is overruled.