Statement.
MONROE, J.
Plaintiffs bring suit on two notes, of $150 each, given by defendant in part payment of the purchase price of two lots of ground in South Crowley, and secured by mortgage and vendor’s lien, and on another note, given by defendant at a subsequent date, and secured by mortgage on the same property. Defendant, for answer, alleges that the two notes first mentioned were to have been paid, by the plaintiffs from the proceeds of the note last mentioned, but that said proceeds were otherwise disposed of, without any fault of his, and he therefore pleads payment as against said notes first mentioned. As to the note last mentioned he alleges that the property upon which the mortgage purporting to secure it rests is his homestead, and he prays that it be so decreed and held to be exempt from said mortgage. There was judgment in the district court in favor of the plaintiffs for the amount represented, by the different notes, with interest as called for by them and attorney’s fees, and with recognition of the privilege and mortgages by which they purport to be secured, and the defendant has appealed to this court, under article 85 of the Constitution, on the question of the homestead exemption claimed by him.
It appears from the defendant’s own testimony that, finding that he could obtain no employment in Crowley, he decided to leave there, and in September, 1902, "went to Houston, Tex., taking his family with him, and remained there about nine months.; that he then returned to Crowley, where he remained about two weeks, boarding with a tenant to whom he had rented the property in question; that he then went to Beaumont, Tex., where his family joined him about two weeks later, and where they all remained about six months. Being asked where he was living when he executed the mortgage sued on, he replied, “I was living in Beaumont, Tex.” and the act of mortgage, executed in Beaumont, May 23, 1903, contains the recital: “Personally came Edward S. Cropper, a resident of Jefferson county, Texas, etc. Prom Beaumont the defendant again returned to Crowley, and, after remaining there a short while (not more than a month), he went to Plaquemine, La., where he had been living some seven months when this case was tried. It further appears that the plaintiffs had no acquaintance with the defendant prior to their acquisition of the notes in question, but that afterwards they had some correspondence with him whilst he was living in Texas, and acted as his agen ts for the collection of rent from the property here claimed as a homestead, and that he at one time offered to sell the same to them. It also appears that the defendant had his household effects, as well as his family, with him whilst he was in Texas and in Plaquemine, and it does not appear that there is any more business for him (plumber’s work), or any better prospect of business, in Crowley, now than when he abandoned the place in 1902.
*508 Opinion.
It seems enough for the purposes of this ease to say that a'homestead is intended to be occupied as a home, and is not intended to be rented out, or used as a trap wherewith to ensnare the guileless lender of money. Brannen v. Womble, Sheriff et al., 32 La. Ann. 808; Gilmer v. O’Neal, 32 La. Ann. 979; Ohaffe & Sons v. McGehee, 38 La. Ann. 278; Hebert v. Mayer & Sheriff, 48 La. Ann. 940, 20 South. 170; Lyons .v. Andry et al., 106 La. 356, 31 South. 38, 55 L. R. A. 724, 87 Am. St. Rep. 299; Clausen v. Sanders, Sheriff, 109 La. 996, 34 South. 53; Bank v. Stansbury, 110 La. 302, 34 South. 452; Lee v. Moseley (N. C.) 7 S. E. 874, 2 L. R. A. 106; A. & E. Ency. of Law (2d Ed.) vol. 15, pp. 646, 660.
Judgment affirmed.