## WATSON v. MANNING.

No. 6599.   Opinion Filed March 7, 1916.

(155 Pac. 184.)

1. **HOMESTEAD—Exemption—Town Property.** To entitle one to claim a homestead in a town as exempt from levy and sale under execution, the property so claimed must be owned and occupied as a homestead, or have been impressed with the homestead character and no other homestead acquired.

2. **SAME.** One who owns three adjoining lots, upon one of which is a building formerly occupied and used by him as a residence and store, and who built and occupied as a residence a house on another of said lots, and for several years rented out the first building occupied by him as a home, which at the time that an execution is levied thereon is occupied as a home and store by his tenant, cannot successfully claim that said property so occupied by his tenant is a part of his homestead and exempt from levy and sale under execution.

(Syllabus by Collier, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by I. H. Manning against Tom Watson. Execution on a judgment for plaintiff was levied on property claimed by defendant as a homestead, and defendant's ob-

jections to a confirmation of a sale were overruled, as well as his motion for new trial, and he brings error. Affirmed.

C. T. Huddleston and J. B. Patterson, for plaintiff in error.

E. Huser, for defendant in error.

Opinion by COLLIER, C. On the 22nd day of May, 1913, judgment was recovered by defendant in error against plaintiff in error in the district court of Okfuskee county. On the 4th day of October, 1913, execution was issued out of said court upon said judgment, and said execution was levied upon the following described property in the town of Boley, to wit:

"All that portion of lot eight (8) in block numbered one hundred and fifty-four (154), described as follows: Commencing at the northwest corner of said lot, running thence south along the west line of said lot 25 feet to the southwest corner of said lot; thence east along the south line of said lot 90 feet; thence north parallel with the west line of said lot 25 feet to the north line of said lot; thence west along the north line of said lot to the place of beginning—together with all improvements and appurtenances thereunto belonging or in any wise appertaining."

Which said property was duly appraised, advertised, and sold to defendant in error.

On the 17th day of December, 1913, defendant in error filed a motion in the said district court asking a confirmation of said sale, to which said confirmation the plaintiff in error filed objections, averring that the said hereinbefore described property was a part of his homestead, that said judgment rendered against him was not for the purchase price of said property or any lien thereon, or for any taxes due, but that said judgment was based upon a suit for a breach of contract and in no way affecting said

real estate. Hereafter the parties will be designated as they were in the trial court.

Upon the hearing of the motion to confirm said sale the material evidence was that the defendant owned in the said town of Boley a tract of land 165 feet wide by 140 feet deep, consisting of two lots, each 50 feet by 140 feet, and a half of another lot 25 feet by 140 feet, respectively numbered 8, 9, and 10 in block 154; that the defendant was the head of a family, and resided in a dwelling house on the north part of said lot 10, where he had so re-sided for about three years; that on the half of lot 8 there was a building formerly occupied by defendant as his home, and also used as a small grocery store, in which at the time of the levy of said execution a tenant of plain-tiff resided, and also conducted a grocery store, paying the plaintiff $10 per month therefor; that the land sold was that part of the land upon which said house, used as a dwelling and grocery store, was located; that in the rear of said house upon the land sold was a barn used by the plaintiff for storing hay; that lot 9, between the two houses, was used as a garden and was fenced; that the fence went up to the building on lot 8, but that said building was not fenced; that the entire tract of land claimed by the de-fendant as his homestead would not exceed one acre in area, and was of the value of $800.

The court overruled the objection of the defendant and confirmed the sale. To which the defendant duly ex-cepted. The defendant timely moved for a new trial, which motion was overruled and exception saved, and to reverse said order of the court confirming said sale this appeal is prosecuted.

There is but one question involved in this case: Was that part of said tract of land owned by defendant and sold under said execution a part of the homestead of said defendant, and not subject to sale under the execution under which it was sold?

Section 3343, Rev. Laws 1910, reads:

"The homestead of any family in this state not within any city or town, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city or town, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of five thousand dollars, and in no event shall the homestead be reduced to less than one quarter of an acre, without regard to value; and provided, further, that in case said homestead is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of five thousand dollars; * * * and provided further, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

It is a condition precedent to entitle one to claim a homestead exemption that the property so claimed be owned and occupied by the claimant as his homestead, or used in connection with his homestead. And the same must have been impressed with the character of a homestead, and no other homestead acquired, if the right to temporarily rent the homestead without changing the character of the same be invoked.

We are of the opinion that the property sold and claimed as a part of the homestead was not exempt from such sale, as the same was not occupied as a homestead,

and not in any way used in connection with the home-stead of defendant, and that defendant had acquired another homestead than his original home on one-half of lot No. 8, the building upon lot No. 10, and the property sold under execution was subject to sale, and that the court did not err in confirming the sale of said property so sold under execution and in overruling the objections of defendant to such confirmation.

"A house built on land on which the owner himself lives, and rented continuously to another, without ever being used in connection with his own house or for any household or domestic purposes, or as a place of abode for any one of his own family, is not a part of the homestead,- though inclosed by the same fence; nor can the owner's mere intention to make it part of the homestead have that effect." *(McDonald v. Clark et al.* [Tex.] 19 S. W. 1023.)

"A homestead in a city, town, or village may consist of one or more lots, but there is nothing in the Constitution and laws that forces the homestead character on a lot or lots adjoining the one on which the residence is situate. Whether such lot or lots are part of the homestead is a question of fact for the jury, to be determined by the evidence; and there are two requisites that must concur to make them a part of the homestead: (1) The owner must intend the property as a part of his homestead; (2) he must in some way use it as such." *(Wright S. Andrews v. Isabella Hagadon,* 54 Tex. 571.)

In *Clausen v. Sanders, Sheriff, et al.,* 109 La. 996, 34 South. 53, it is held:

(1) "Occupancy as a residence is one of the conditions essential to sustain a right of homestead. If a person cuts off part of his lot from the premises on which he has his dwelling house, and leases it, he loses his right of homestead to that portion leased."

(2) "Plaintiff owned three houses. He resided in one, and he leased the others. He retained the homestead

to that part of the land only on which the house in which he resides is situated."

(3) "He cannot successfully claim the leased property as part of the homestead, as it is not the occupancy intended by the following language of the Constitution: The homestead 'owned by the debtor and occupied by him.' "

In *John Ashton v. Ruth A. Ingle et al.*, 20 Kan. 670, 27 Am. Rep. 197, it is held:

"Where a lot [or part of a lot] with a house thereon, situated in an incorporated city, is rented for a money rent to a tenant, who is not a servant or an employee of the owner, with the intention that such house and lot shall become the home and residence of such tenant and his family, and they actually do become the home and residence of such tenant and his family, such house and lot cannot be considered as a part of the homestead and residence of the owner so as to be exempt from legal process under the homestead exemption laws, although such lot may adjoin the homestead of the owner."

In *J. M. Maloney et al. v. J. H. Hefer*, 75 Cal. 422, 17 Pac. 539; 7 Am. St. Rep. 180, it is held:

"An owner of a lot of land having two houses thereon, which are separated from each other by a fence, who exclusively resides in one of the houses, the other being occupied by a tenant, can acquire a homestead only on that part of the lot on which the house in which he resides is situated."

This case should be affirmed.

By the Court: It is so ordered.