**BOUSE et al. v. STONE et al.**

No. 7707—Opinion Filed Oct. 17, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 479.)

### 1. Homestead—Acquisition—Right to.

To entitle one to claim a homestead in a city as exempt from levy and sale under execution, the property so claimed must be owned and occupied as a homestead, or have been impressed with the homestead character and no other homestead acquired.

### 2. Same.

One who owns five adjoining lots, upon two of which is a building formerly occupied and used by him as a residence, who built and occupied as a residence a house on the other three of said lots, each of said residences having its own separate home accessories, and the two being separated by a fence, and for several years rented out the first building occupied by him as a home, which at the time the execution is levied thereon is occupied as a home by his tenant, cannot successfully claim that said property so occupied by his tenant is a part of his homestead and exempt from levy and sale under execution.

(Syllabus by Johnson, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by A. K. Bouse and Eva Bouse against Ira E. Stone and Alice Stone, executors of the last will and testament of J. R. Hurford, deceased, and M. C. Binion, Sheriff. Judgment for defendants, and plaintiffs bring error. Affirmed.

Harvey R. Winn, for plaintiffs in error.

Chas. E. Wells and L. H. Prichard, for defendants in error.

Opinion by JOHNSON, C. This action was filed in the district court of Oklahoma county upon September 15, 1914, by A. K. Bouse and Eva Bouse, plaintiffs in error, as plaintiffs, against Ira E. Stone and Alice Stone, executors of the last will and testament of J. R. Hurford, deceased, and M. C. Binion, sheriff, defendants in error, as defendants, for the purpose of procuring an injunction against the sale upon execution of certain lots in the city of Oklahoma City.

Plaintiffs are husband and wife, respectively, the family of plaintiffs consisting of plaintiffs and two minor children, the latter living with and cared for by plaintiffs. Plaintiffs are the owners of certain real estate situated in the city of Oklahoma City, state of Oklahoma, to wit, lots numbered 22, 23, 24, 25, and 26 in block numbered 10, in Orndale addition to said city, all of which lots are contiguous, have an aggregate area of less than one acre, and including the improvements thereon, have a total value of less than $5,000. These lots formerly constituted an undivided part of a large tract of land which was patented to plaintiffs by the federal government. After the issuance of the patent the land, or a part of it, including these lots, became an addition to the city of Oklahoma City, and a part of the land was sold in lots; the above-numbered lots remaining in the ownership of plaintiffs. Each of these lots has an area of about 25 feet by 140 feet. Some nine years before the trial of this action in the lower court plaintiffs erected a five-room house upon the east two of these lots, being lots 25 and 26, and lived in the house for about two years, at the end of which time they moved out of this house and into a seven-room house, which they had then erected upon the west two of the lots, being lots 22 and 23, where they continued to live and were living at the time of the beginning of this action, during this interval letting to tenants the east house and its premises. The two dwelling houses and the immediate premises of each house were separated by a fence which ran across the middle one of the five lots, or lot 24, about five feet of lot 24 being on the east side of the fence connected with the rented house on the east lots, the immediate premises of each dwelling having its own barn and other outhouses.

Prior to the beginning of this suit the defendants Ira E. Stone and Alice Stone, as executors of J. H. Hurford, deceased, obtained a judgment in the superior court of Pottawatomie county against plaintiffs for the sum of $954, and interest. On that judgment the judgment creditors procured an execution to be issued to the defendant M. C. Binion, as sheriff of Oklahoma county, who, under such execution, levied upon lots 24, 25, and 26 of the above-described property, and was about to sell the same by virtue of such execution when this suit was brought by plaintiffs, the judgment debtors, to procure an injunction against the sale upon the ground that the property levied upon is a part of the family homestead of plaintiffs and exempt from sale on execution. At the trial defendants conceded that lot 24 was a part of the family homestead of plaintiffs.

The lower court found that lot 24 was a part of the family homestead of plaintiffs, and that lots 25 and 26 were not a part thereof, and rendered judgment granting injunctive relief against the sale of lot 24, and refusing the injunction against the sale of lots 25 and 26. From this judgment, the plaintiffs have appealed to this court.

Plaintiffs in error contend that all of the five lots, embracing the three west lots upon

which plaintiffs live in the seven-room house, and the two lots upon which is the rented five-room house, are one entire tract of less than one acre, having a value of less than $5,000; that the entire five lots constitute the family homestead of plaintiffs in error; that each part and parcel thereof is exempt from sale on execution under the homestead exemption provisions of the Constitution and statutes of Oklahoma, plaintiffs in error having no other real property and intending to continue to occupy and claim the whole property as their home.

Section 1 of article 12 of the Constitution of this state contains the following provision, to wit:

"The homestead within any city, town, or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of five thousand dollars, and in no event shal the homestead be reduced to less than one-quarter of an acre, without regard to value: And provided further, that in case said homestead is used for both residence and business purposes, the homestead interest therein shall not exceed in value the sum of five thousand dollars: * * * And provided further, that any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired."

Section 2 of the same article provides:

"The homestead of the family shall be, and is hereby protected from forced sale, for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law."

The statute (section 3343, Rev. Laws 1910) is merely a re-enactment of this constitutional provision, naming certain classes of persons who cannot claim the exemption. It is not contended here that the judgment execution of which is sought to be enjoined is one of the favored classes of indebtedness, or that plaintiffs are among those not allowed to claim the exemption.

The question simply is: Under the facts above outlined, as a matter of law, are the two east lots a part of the homestead, "occupied as a residence?" We think not.

In the case of Watson v. Manning, 56 Okla. 295, 156 Pac. 184, on a state of facts exactly similar to those before us in this case, this court held:

"One who owns three adjoining lots, upon one of which is a building formerly occupied and used by him as a residence and store, who built and occupied as a residence a house on another of said lots, and for several years rented out the first building occupied by him as a home, which at the time that an execution is levied thereon is occupied as a home and store by his tenant, cannot successfully claim that said property so occupied by his tenant is a part of his homestead and exempt from levy and sale under execution."

We think the case of Watson v. Manning stated the law as applicable to this case. The Constitution, in starting out to define the exemption, uses as the subject of the defining sentence this clause, "the homestead within any city, town or village, owned and occupied as a residence only." We think occupancy as a residence the essential quality, as pertaining to an urban homestead. It may be used for business purposes also, but it must have about it the atmosphere of home use. The word "residence" means a dwelling place, and the word "occupy," to possess and use. Lots 25 and 26 were not possessed and used by plaintiffs as a dwelling place, nor as any part of their dwelling place. These two lots contained one dwelling house, with all of the domestic accessories of an independent home; and the three adjoining lots, upon which plaintiffs actually lived, contained another dwelling house, with all of the accessories of a home, entirely distinct and independent of the other place, with a fence between. Other people, not of the family of plaintiffs, occupied lots 25 and 26 as their home; and plaintiffs could not even enter upon this property without the consent of the tenants, unless they committed a trespass. This condition was not temporary, but had continued for years, with the evident intention of its constituting a permanent arrangement. The creation of this situation was clearly an abandonment of the homestead character of these two lots, which existed prior to the building of the house on the other lots, the segregation of the property, and the removal of the home use of lots 25 and 26.

Cases from other states supporting the conclusion of this court in Watson v. Manning are as follows: Maloney v. Hefer, 75 Cal. 422, 17 Pac. 539, 7 Am. St. Rep. 180; Kelley v. Williams, 110 Iowa, 153, 81 N. W. 230; Kurz v. Brusch, 13 Iowa, 371, 81 Am. Dec. 435; Ashton v. Ingle, 20 Kan. 670, 27 Am. Rep. 197; Poncelor v. Campbell, 10 Kan. App. 581, 63 Pac. 606; Tohermes v. Beiser, 93 Ky. 415, 20 S. W. 379; Causen v. Sanders, 109 La. 996, 34 South, 53; Semmes v. Wheatley (Miss.) 7 South. 430; Hoitt v. Webb, 36 N. H. 158; McDonald v. Clark (Tex.) 19 S. W. 1023; Schoffen v. Landauer, 60 Wis. 334, 19 N. W. 95.

Homestead provisions of the Constitution allow an urban homestead of not exceeding one acre when such tract does not exceed the value of $5,000, and provided that in no event shall the homestead be reduced to less than one-quarter of an acre without regard to value. These provisions make occupancy and use of the property as a homestead necessary elements of the exemption. A quarter of an acre of lots the size of these lots would consist of 3.1 lots. To interpret the constitutional provision differently from the interpretation we have given it would permit a wealthy man to build the home of his family on the fraction of a lot, to place the remainder of his wealth in a great office building upon the other three lots, and then to evade his creditors under the cloak of a constitutional exemption. We do not think such is the intention of the provisions of our Constitution and statutes.

The judgment of the lower court is affirmed.

By the Court: It is ordered.