## STANDARD et ux. v. ECKERT.

No. 16585—Opinion Filed April 6, 1926.

Rehearing Denied Sept. 21, 1926.

**Homestead—Requisites of Urban Homestead.**

To entitle one to claim a homestead in a city or town as exempt from levy and sale under execution, the property, so claimed, must consist of a residence situated on one tract or parcel of land, not exceeding one acre, owned and occupied as a homestead, or must be impressed with the homestead

character by occupancy and with no intention to acquire another.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Blaine County; Ed Mitchell, Judge.

From an order confirming a sheriff's sale under execution upon motion of the purchaser, L. Eckert, the judgment debtors, Thomas B. (Bert) Standard and wife have appealed. Affirmed.

A. G. Morrison and A. L. Morrison, for plaintiff in error.

H. L. Fogg, for defendant in error.

Opinion by THREADGILL, C. On September 25, 1923, Lida Zwergel recovered a judgment against Thomas B. (Bert) Standard and Bessie B. Standard, who are plaintiffs in error here, on a promissory note and foreclosure of a mortgage. The mortgaged property was sold and proceeds of the sale credited on the judgment, leaving a balance unpaid in the sum of $505.05. This judgment was assigned to L. Eckert, the defendant in error here, and he caused an execution to be issued out of the district court of Blaine county, where the cause was pending, to the sheriff of Canadian county, where plaintiffs in error resided, who levied the same on lots 1, 2, and 3, in block 12, and lots 1, 2, 3, 4, and 7 in block 1, of the town of Okarche, Okla., belonging to said plaintiffs in error. These lots were advertised for sale according to law, and sold to the highest bidder, who was said defendant in error, and who bid them in for $500. The sheriff made his return, and defendant in error filed his motion to confirm the sale, and plaintiffs in error filed their objection to confirmation of the sale on the ground that the property was a part of their homestead. The court heard the evidence and argument of counsel on this issue, and overruled the objection and made an order confirming the sale, and plaintiffs in error have appealed.

There is but one question involved, and that is whether or not the lots levied on and sold were a part of the homestead as claimed by plaintiffs in error.

The undisputed evidence shows that the lots involved were contiguous and enclosed, making a tract of land of about 2 1-2 acres, and this tract of land was situated about three blocks from the plaintiffs in error's home; that they had a barn and other improvements on these lots, but no dwellinghouse; that they did not live on them, but they used the enclosed tract to keep milk

cows, hogs, chickens, and a riding horse; that they allowed a cotton company to store cotton on the lots and a butcher concern to butcher cattle and hogs on them.

The law under which plaintiffs in error claim that their lots were a part of their homestead is section 6597, Compiled Statutes 1921, and reads as follows:

"The homestead of any family in this state, not within any city or town, shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city or town, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner."

It will be observed here that the rural homestead may consist of more than one tract or parcel of land, but there is no such provision for the urban homestead, which was to be a tract or parcel of land not to exceed one acre, and which was to be "owned and occupied as a residence only;" that is, it must be owned and occupied as a family residence exclusive of any other tract or parcel of land for such purpose. The legislative intent, we think, is clear from the language used for the two homesteads. In the rural homestead one tract may be occupied as the residence and several separate tracts selected and used in connection therewith, but in the urban homestead only the residence tract is provided for. Even if the whole tract is in one body, only that part of the tract occupied as the family residence, exclusive of other residences or business houses, can be claimed under this provision of the statute. Watson v. Manning, 56 Okla. 295, 156 Pac. 184. But where the homesteader has his residence on a lot in the city or town, and owns other lots not contiguous to the residence lot, we do not think it makes any difference as to what use they serve, or what the intention of the owner is, said lots, noncontiguous to the residence lot, cannot, under the provisions of the homestead and exemption law, be considered a part of the homestead.

We have carefully considered the argument and authorities given by plaintiffs in error for their contention, and we do not think they are applicable to our urban homestead and exemption statute.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 823 § 92; p. 824 § 94; p. 831 § 110 (Anno); 13 R. C. L. pp. 592, 593; 3 R. C. L. Supp. p. 64: 4 R. C. L. Supp. p. 824; 5 R. C. L. p. 704.