**In re BOOTH.**

**No. 3098.**

District Court, N. D. Oklahoma.

Feb. 5, 1937.

William M. Taylor, Preston S. Davis, and W. C. Henneberry, all of Tulsa, Okl., for trustee and certain creditors.

Thompson, Ingersoll & Ingersoll, of Tulsa, Okl., for bankrupt.

FRANKLIN E. KENNAMER, District Judge.

The somewhat meager statement of facts in the proceeding before me shows that prior to his adjudication the bankrupt had purchased, and at the time of adjudication was in possession of, two-thirds of a lot in the city of Tulsa, Okl. The part owned by the bankrupt measures 33.34 x 140', and is all in one tract or piece. and situated thereon is a house in which the bankrupt and his wife live and on the back of the tract is a small duplex, which the bankrupt has rented from time to time and was renting at the time of his adjudication. The entire property is less than one-fourth acre in area and less than $5,000 in value.

The referee adjudged the entire tract, with improvements, to be the homestead of the bankrupt and set it aside to him, denying the contention of the trustee and certain creditors that the duplex and that part of the real estate occupied by it were subject to the payment of the bankrupt's debts and was not homestead.

Whether or not the entire property constitutes the bankrupt's homestead must be determined by the Constitution and statutes of the state of Oklahoma and the decisions of its Supreme Court construing them. In re Wineland (D.C.N.D. Okl.) 3 F.Supp. 796. The homestead laws must be liberally construed to comport with the beneficent spirit that prompted their enactment. Id.

Cases from other states which have constitutional or statutory provisions unlike those of Oklahoma are not of material assistance in the decision of this case nor is it safe to follow the general propositions cited in such cases.

The homestead exemption statute of the Territory of Oklahoma (section 2845, Stat. of Okla.1893) so far as material provided: "The homestead in a city, town or village, consisting of a lot or lots, not to exceed one acre with the improvements thereon; Provided, That the same shall be used for the purposes of a home for the family," should be exempt from forced sale for the payment of debts.

In De Ford v. Painter, 3 Okl. 80, 41 P. 96, 104, 30 L.R.A. 722, the Supreme Court of the Territory of Oklahoma decided that under the above statute De Ford was entitled to claim as a homestead a lot, with a building thereon, in the business part of a city, although the basement, the first floor, and a part of the second floor were rented for an annual rental of some $1,550, De Ford and his family residing in a part of the second floor valued at $250 per annum. In the course of its opinion, the court considered many of the cases then decided, including Stevens v. Hollingsworth, 74 Ill. 202, 208, and Layson v. Grange, 48 Kan. 440, 29 P. 585. Among other things, the court said: "The adoption in this case of the law as it has been

alalal
ererer

declared in the state of Illinois leaves to the homestead claimant not only a mere shelter for himself and family, but gives to him the full enjoyment of the whole lot of ground exempt, to be used in whatever way he might think best for the occupancy and support of his family, by carrying on his own business or for deriving income in the way of rent. It also expresses the same doctrine, in another form, when it says that the homestead claimant has not totally abandoned that part of the homestead sought to be subjected to the payment of his debts."

The framers of the Constitution of the State of Oklahoma undoubtedly had this case in mind at the time of the writing of the State Constitution. The provision of the Oklahoma Constitution as to homestead is probably based upon, or is a modified form of, similar provisions in Texas and Kansas. In Texas, although a "business homestead" is provided for, it is restricted to a place where the head of a family exercises his calling or business. Therefore the Texas decisions are not of such assistance here.

■ Section 1 of article 12 of the Oklahoma Constitution (with which section 13671, Okl.Stat.1931, is identical), so far as here material, provides: "The homestead within any city, town, or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, That the same shall not exceed in value the sum of five thousand dollars, and in no event shall the homestead be reduced to less than one-quarter of an acre, without regard to value; And Provided Further, That in case said homestead is used for both residence and business purposes, the homestead interest therein shall not exceed in value the sum of five thousand dollars: * * * And Provided Further, That any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired."

Urban homesteads are by this provision divided into two classes according to use, viz., those "owned and occupied as a residence only," and those "used for both residence and business purposes." It seems clear that the intention of the framers of the Constitution was that the homestead right should not be denied because a part of the property was to be devoted to business purposes. Rather the intention is affirmative or permissive—the specific grant of the right to devote a part of the homestead to business. To guard against injustice to creditors, the $5,000 value limitation has been inserted.

In Finerty v. First Nat. Bank of Duncan, 92 Okl. 102, 218 P. 859, 863, 32 A.L. R. 1326, the Supreme Court of Oklahoma quoted with approval from White v. Spencer, 217 Mo. 242, 117 S.W. 20, 129 Am.St. Rep. 547, 16 Ann.Cas. 598, the following:

"'The term "homestead" means that tract of land which, being within the statutory limitations as to quantity and value, is occupied and claimed as a homestead.'

"Again in White v. Spencer it was said:

"'We have properly construed the homestead act to mean that no lien attaches to a homestead proper, that is, to the tract owned, occupied and claimed as a homestead, when it falls within the statutory limitations as to quantity and value.'"

In Miller v. Farmers State Bank, 137 Okl. 183, 279 P. 351, 352, the court again said: "We have said that a homestead as thus described 'means that tract of land which, being within the statutory limitations as to quantity and value, is owned and occupied as a homestead.' Finerty v. First National Bank, 92 Okl. 102, 218 P. 859, 32 A.L.R. 1326. We have also said that 'a homestead is the land itself, and not the buildings thereon,' and that 'the homestead right is the right to occupy and live upon the land, rather than the right to occupy and live in the buildings thereon.' In re Gardner's Estate, 122 Okl. 26, 250 P. 490."

■ It is said that "business" is a very comprehensive term and embraces everything about which a person can be employed. Flint v. Stone Tracy Company, 220 U. S. 107, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas. 1912B, 1312, and therefore I hold that the renting of the duplex by the bankrupt is a business purpose within the Oklahoma constitutional provision.

In Stevens v. Hollingsworth, 74 Ill. 202, the Supreme Court of Illinois, in construing a homestead statute providing that the lot of ground and the building thereon occupied as a residence shall be exempt, with the limitation of $1,000 in value, held that the head of a family was entitled to claim as his homestead a certain lot in a city on which there was located the dwelling house and on which there was also a mill house and machinery. The court quoted with approval from Hubbell v. Canady, 58 Ill.

82

425, 426: "We are not to regard the intention of the legislature as being only to save a mere shelter for the debtor and his family, but that it was the purpose to give him the full enjoyment of the whole lot of ground exempted, to be used in whatever way he might think best for the occupancy and support of his family, whether in the way of cultivating it, or by the erection and use of buildings upon it, either for the carrying on of his own business, or for deriving income in the way of rent."

In Layson v. Grange, 48 Kan. 440, 29 P. 585, 586, the debtor owned a house and three lots containing less than one acre on which was situated the family dwelling and also a carpenter shop, which he afterwards converted into rooms and rented but he did not lease any part of the ground. The homestead exemption was held to extend to the entire tract with all the buildings. The court said: "It has been decided by this court that the homestead character is not destroyed where a part of the building is leased to another for a purpose not inconsistent with the homestead right. We think the principle is the same where the rooms rented are in a detached building, upon exempt property. Counsel for plaintiffs in error rely upon the case of Ashton v. Ingle, 20 Kan. 670 [27 Am. Rep. 197], to support their claim that the property levied upon is not exempt. To this claim it is sufficient to say that in that case this court said: 'Where houses and lots are rented for a money rent, * * * with the intention that such houses and lots shall become the homes and residences of such tenants and their families, and they actually do become the homes and residences of such tenants and their families, the owner certainly cannot then claim that such houses and lots are a part of his own residence, although they may adjoin the same.' In this case no land was leased. The defendant in error still retained the possession of all of his ground."

In the case at bar it does not appear that any land was leased or rented nor that any particular part of the tract was set aside for the use of the occupants of the duplex, and I therefore hold that the referee's decision was right and it is affirmed.

In this decision I have not overlooked the cases of Ashton v. Ingle, 20 Kan. 670, 27 Am.Rep. 197, Watson v. Manning, 56 Okl. 295, 156 P. 184, and Bouse v. Stone, 65 Okl. 5, 162 P. 479. The Ashton Case is sufficiently disposed of by the remarks of the Kansas Supreme Court in Layson v. Grange, supra. The Watson and Bouse Cases are subject to the same distinction, for in each of them the house which was rented was located upon a separate lot and it was readily ascertainable what land went with the house and it appears that the land was leased along with the house. That is not true here. Not only does it appear there was a lease of the land, but, if the court should attempt to set off any part of the land, there would be great difficulty in determining how much should be allotted to the duplex.

It is clear from the record that the part of the lot owned and occupied by the bankrupt as a home is within the quantity and value allowed him by the Constitution. Under section 1, article 12, of the Oklahoma Constitution, it was intended to exempt to the family within a city, town, or village a homestead in quantity of land not exceeding one acre, and in no event, regardless of value, less than one-quarter of an acre when used exclusively as a home. Under the last proviso of said section, "That in case said homestead is used for both residence and business purposes, the homestead interest therein shall not exceed in value the sum of five thousand dollars." The right is granted to use such homestead for business purposes, thereby affording the family the opportunity to use the homestead not only as a place of abode, but the right to endeavor to earn a livelihood upon said homestead by engaging in a business within the limitations fixed by this proviso. A homestead under this constitutional provision means more than just a place to live; it affords the homesteader the right to use such homestead in an endeavor to earn a livelihood for the family. There is no difference in whether he truck farms part of it or erects a small house and rents it.

The decision of the referee is affirmed.