**In re W.R. HUGHES, Sr., SSN 444–20–3071, Debtor.**

**Bankruptcy No. 94–70054.**

United States Bankruptcy Court, E.D. Oklahoma.

May 13, 1994.

Lynn D. Nolen, Muskogee, OK, for debtor.

Matthew A.P. Schumacher, Muskogee, OK, for creditor Muskogee Farm & Ranch Supply, Inc.

### ORDER

TOM R. CORNISH, Bankruptcy Judge.

On the 20th day of April, 1994, the Objection to Debtor's Claims for Exemption filed by Muskogee Farm & Ranch Supply, Inc., the Response by Debtor and Creditor's Re-

quest for Entry Upon Land for Inspection and Other Purposes by Muskogee Farm & Ranch Supply, Inc. came on for an evidentiary hearing before this Court.

Counsel appearing in person were Matthew Schumacher for Muskogee Farm & Ranch Supply, Inc. and Lynn Nolen on behalf of the Debtor.

After a review of the above-referenced pleadings and consideration of the sworn testimony presented, the Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr. P., in this core proceeding:

The principal issue before the Court is whether the Debtor's receiving bills from his self-employment at his home negates his ability to claim his home as exempt property. In the Debtor's Schedules, he listed Lots 6, 7 and 8, Block 23, Canard Addition to the City of Muskogee, Oklahoma as his homestead. In Debtor's Response to Creditor's Objection to the claim for exemption, the Debtor made it clear that the Debtor was claiming Lots 7 and 8, Block 23, Canard Addition, City of Muskogee, Oklahoma as his homestead. He was not claiming Lot 6, Block 23, Canard Addition, which has as improvements a house occupied by the Debtor's son and his family. The parties stipulated that the Debtor and his wife, not a debtor in this proceeding, own Lots 7 and 8.

Oklahoma law is determinative of the exemptions allowed for debtors who file bankruptcy in Oklahoma. Under Oklahoma law, a home that is the principal residence of the debtor is exempt. Okla.Stat. tit. 31, § 2 (West 1991) provides, in pertinent part, as follows:

> ... *within any city or town, owned and occupied as a residence only, shall consist of not exceeding one (1) acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of Five Thousand Dollars ($5,000.00), and in no event shall the homestead be reduced to less than one-quarter (¼) of an acre, without regard to value: And provided, further, that in case said homestead is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of Five Thousand Dollars ($5,000.00).*

Lots 7 and 8 consist of .31 acre. The Debtor testified that he is self-employed doing concrete work and currently does contract work for two or three different people. The Debtor's house is located on Lot 8. Lot 7 has a shed on it in which the Debtor keeps miscellaneous items not used in his business. Lot 8 has two addresses—4031 Oklahoma and 222 Honor Heights Drive, Muskogee, Oklahoma. Debtor and his wife, not a debtor in this bankruptcy, own Lots 7 and 8 of Block 23 as joint tenants. The Debtor testified that he takes calls for his business in his truck. However, invoices and bills are sent to his home. The Debtor testified he previously took business telephone calls at his residence, but no longer does.

 The Court must look at the facts at the time of filing bankruptcy to determine how the property is used. The parties stipulated that the 1993 Muskogee telephone directory lists the address of Hughes Paving Company, owned by Debtor's wife, as 222 Honor Heights Drive. It lists the address for William R. and Phyllis Hughes as 4031 Oklahoma. The fact that the Debtor's wife uses the residence for business purposes does not, standing alone, impact the Debtor's homestead exemption.

The Debtor testified he believed the value of all three lots was approximately $60,000.00 and that a mortgage exists on the property in the amount of $50,000.00. Muskogee Farm & Ranch Supply ("MFRS") presented expert testimony showing the ownership and location of the land. However, the expert did not make an valuation of the property.

 Whether or not the entire property constitutes the bankrupt's homestead must be determined by the Constitution and the statutes of the State of Oklahoma and the decisions of its Supreme Court construing them. *In re Booth*, 18 F.Supp. 79 (N.D.Okla. 1937). The homestead laws must be liberally construed to comport with the beneficent spirit that prompted their enactment. *Id.* The homestead exemption statute of the territory of Oklahoma (Section 2845, Statute of Oklahoma, 1893) provided:

> *The homestead in a city, town or village, consisting of a lot or lots, not to exceed one*

acre with the improvements thereon; provided, that the same shall be used for the purposes of the home for the family.

With this statute, the Supreme Court of the Territory of Oklahoma in *DeFord v. Painter,* 3 Okla. 80, 41 P. 96 (1895), found that the debtor was entitled to claim as a homestead a lot, with a building thereon, in the business part of the city. In *DeFord,* the first floor and part of the second floor were rented, while the debtor and his family resided in part of the second floor.

The framers of the Constitution had this case in mind at the time of the writing of the state constitution. Section 1 of Article XII of the Oklahoma Constitution provides:

The homestead of any family in this State, not within any city, town, or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city, town, or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, That the same shall not exceed in value the sum of five thousand dollars, and in no event shall the homestead be reduced to less than one-quarter of an acre, without regard to value; And Provided Further, That in case said homestead is used for both residence and business purposes, the homestead interest therein shall not exceed in value the sum of five thousand dollars: Provided, That nothing in the laws of the United States, or any treaties with the Indian Tribes in the State, shall deprive any Indian or other allottee of the benefit of the homestead and exemption laws of the State: And Provided Further, That any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired.

The Oklahoma Legislature divided urban homesteads into two classes: those used for residence only and those used for both residence and business purposes. The framers of the Constitution did not intend for a homestead right to be denied because part of the premises was used for business purposes; however, the Legislature guarded against an injustice to creditors by limiting the value allowed for an exemption for property used for both residence and business purposes. The Oklahoma Constitution provides that the Legislature may change or amend Article XII dealing with homestead exemptions, but the Legislature has not changed the business purpose language, including the value limitation, since its inception. *See,* Okla. Constitution, Art. XII, § 3.

■ Therefore, the Court finds that the statute defining Oklahoma's homestead used for both residence and business purposes sets forth no quantitative limitation. However, there is a dollar value limitation. *In re Rashid,* 97 B.R. 610, 614–15 (W.D.Okla.1989) (citing *In re Booth,* 18 F.Supp. at 82; *Finerty v. First Nat'l Bank,* 92 Okla. 102, 103–04, 218 P. 859, 860–61 (1923).)

Making the laws is left to the Legislature and the Court's duty is only to interpret the law. The Court in *Rashid* noted:

To construe the statute in contravention to its express mandate would permit a debtor who lived in one unit of a thirty-unit apartment building on one-quarter acre or less to exempt the entire building as a homestead. That situation was obviously the mischief that Oklahoma Legislature was specifically attempting to prevent in 1910.

*Id.* at 615. Further, the Court in *Rashid* found that the Bankruptcy Court is a court of equity; however, it had no equitable power to avoid the express language of the statute. *Id.* Therefore, the *Rashid* Court found that the Bankruptcy Court did not have sufficient authority to construe Okla.Stat. tit. 31, § 2 to circumvent its plain meaning. *Id.*

■ The next issue is to determine whether Debtor used his residence for business purposes. The *Rashid* court found that the Bankruptcy Court erred in determining that rental of a duplex on a portion of Debtor's premises did not constitute a business purpose. *Id.* at 612. The critical issue before this Court is whether receiving bills of Debtor's business at the Debtor's home constitutes a business purpose. The *Rashid* case is distinguishable from the case at bar. In *Rashid,* the debtor's residence was actually the place which generated the debtor's income. However, in the instant situation, the

Debtor is performing his concrete work away from his home and only receives and pays bills from his home. These facts alone do not constitute the business purpose that would negate the claiming of the home as exempt property. If this Court held that the Debtor's receiving and paying bills at his home were a business purpose, it would mean that when any debtor took work home from his office, his residence would be used for business purposes and thus, the homestead exemption would be destroyed.

Therefore, this Court finds that the Debtor's residence, 4031 Oklahoma and/or 222 Honor Heights Drive, Muskogee, Oklahoma, is used for residential purposes and as a result, Lots 7 and 8 of Block 23, Canard Addition, Muskogee, Oklahoma, are entitled to exempt property status pursuant to Okla. Stat.Ann. tit. 31, § 1 (West 1991).

IT IS SO ORDERED.