## KELLY *et al.* v. MOSBY *et al.*

No. 1963.    Opinion Filed June 25, 1912.

(124 Pac. 984.)

1.    INJUNCTION—Grounds—Insolvency of Defendant.    In an action brought to enjoin the breach of a contract by which the plaintiff is granted a right of way over the lands of the defendant, it is not necessary to allege and prove that the defendant is insolvent and unable to respond in damages for breach of the contract.

2.    HOMESTEAD—Conveyance—Right of Way.    The conveyance of a right of way over real estate for a period of ten years conveys an interest in the land.    Comp. Laws 1909, secs. 7238, 7239, 7241, and 7243.

3.    SAME.    Under the act of 1901 (Sess. Laws 1901, p. 78, c. 10; Comp. Laws 1909, sec. 1187), which provides that no deed, mort-

gage, or contract relating to the homstead shall be valid unless in writing and subscribed by both husband and wife, an instrument executed by the husband alone, conveying a right of way for a period of ten years over a part of the homestead, is not valid as against the wife.

4.    SAME.    Such a contract being invalid in 1906, at the time of its execution, was not validated by the subsequent adoption of article 12, sec. 1, of the Constitution, limiting the value of the homestead to $5,000.

(Syllabus by Ames, C.)

*Error from District Court, Tillman County; George A. Ahern, Special Judge.*

Action by George W. Mosby and G. A. Swartz against Alice Kelly, W. L. Douglas, and Alice Kelly, as guardian of Mattie Kelly, Richard Kelly, and Ben Kelly, minors, to enjoin the construction of buildings on a part of a lot in the town of Frederick. Injunction granted, and defendants bring error. Reversed and rendered.

*Hudson & Mounts* and *Stevens & Myers,* for plaintiffs in error.

*Lukenbill & Coughlin,* for defendants in error.

Opinion by AMES, C.   Mosby and Swartz, the defendants in error, plaintiffs below, brought this action, seeking to enjoin the defendants (plaintiffs in error) from violating a contract between Mosby and Swartz and W. H. Kelly, the ancestor of the defendants. By this contract Kelly conveyed to Mosby and Swartz a right of way over the west side of lot 10, block 36, in the town of Frederick, to be used only as a foot passageway for a term of ten years, so that they might have an entrance to the rear of their building then being constructed on the adjoining lot. Upon Kelly's death, the property descended to his wife and children. Some of the children conveyed their interest to their mother, and the defendant Douglas acquired some interest in the property. Pursuant to this contract, the plaintiffs had constructed their building, leaving doors and windows at the rear end, facing this passageway, and constituting the only means of ingress and egress. The defendants were on the point

of erecting a permanent building on this passageway, and thereby destroying the ingress and egress of the plaintiffs. The action was brought to restrain its construction as a breach of the contract.

The first question argued is that, as the defendants were solvent and able to respond in damages, there was an adequate remedy at law, and therefore that the injunction would not lie. This, however, is not the test of whether equity will intervene to specifically enforce a contract concerning real estate, or restrain the breach of a restrictive condition concerning real estate. In such cases it is assumed that there is no adequate remedy at law, and a contract for the sale of real estate will be specifically performed by a court of equity, or the violation of an agreement imposing a restrictive condition upon the use of real estate will be enjoined, regardless of the solvency of the defendants or the adequacy of damages. *Lloyd v. London, etc., Ry. Co.,* 2 Gex. J. & S. 568, 46 Eng. Reprint, 496; *Bowes v. Law,* L. R., 9 Eq. 636; *Rankin v. Huskisson,* 4 Sim. 13, 58 Eng. Reprint, 6; *Schwoerer v. Boylston Market Ass'n,* 99 Mass. 285; *Peck v. Conway,* 119 Mass. 546; *Whitney v. Union Ry.,* 11 Gray (Mass.) 359, 71 Am. Dec. 715; *St. Andrew's Lutheran Church's Appeal,* 67 Pa. 512; 3 Pomeroy's Equity Jurisprudence (3d Ed.) sec. 1295; 4 Pomeroy's Equity Jurisprudence (3d Ed.) sec. 1342; 5 Pomeroy's Equity Jurisprudence (3d Ed.) sec. 270 *et seq. Marshall v. Homier,* 13 Okla. 264, 74 Pac. 368, held that, in an action to enjoin the sale of certain wheat and other crops, relief would be denied, where the defendants were abundantly able to respond in damages in the event the sale was wrongful, and where the defendants were in possession of the crops during all the time involved in the proceeding. In that case no interest in the land was affected, and there is no conflict with the rule here laid down.

It is next argued by the defendants that the contract with their ancestors, under which Mosby and Swartz, the plaintiffs, claimed, was invalid, because it affected an interest in the homestead, and the wife of Mr. Kelly did not join in the execution thereof. As the contract conveyed a right of way for a period

of ten years, it created an easement, and therefore conveyed an interest in the real estate. Comp. Laws 1909, secs. 7238, 7239, 7241, and 7243. The contract was executed September 29, 1906, affected the homestead, and was not joined in by the wife of the owner. The statute affecting conveyances of the homestead in force at the time was as follows (Comp. Laws 1909, sec. 1187; Wilson's Rev. & Ann. St. 1903, sec. 880; Sess. Laws 1901, p. 78):

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors; and no deed, mortgage or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced, except to the extent hereinafter provided."

As this contract conveyed an interest in the real estate, by this section it is not "valid," because not subscribed by the wife, and it is now attacked by the wife and children; the husband being dead. The first inquiry is whether, as against the wife, the instrument was valid at the time of its execution, and, second, whether, if then invalid, the provisions of the Constitution subsequently adopted had the effect to validate it. In *Hall v. Powell*, 8 Okla. 276, 57 Pac. 168, it was held that, under the statute then in force, a mortgage upon the homestead, executed by the husband without the joinder of his wife, was void, but the statute then in force (sec. 21, c. 21, entitled "Conveyances," St. Okla. 1893) provided conveyances of the homestead "shall be void unless the husband and wife joined in the execution"; and it is argued by the defendants in error that there is such a difference in the statute now in force and the statute in force at the time this intrument was executed that that decision does not govern. By the statute applicable to this case it is provided that the instrument "shall not be valid unless in writing and subscribed to by both husband and wife," and it is further provided (Comp. Laws 1909, sec. 1190; Session Laws 1897, p. 93) that the spouse executing the instrument affecting the homestead shall be concluded thereby, and that the other one only can

avoid it, but as this instrument was not executed by Mrs. Kelly, and as she is now attacking it, that section does not apply. The only substantial difference, therefore, between the act in force when *Hall v. Powell, supra,* was decided and the act in force when this contract was executed is that in the first case the statute denounced the conveyance as "void," while in this case it provides that it shall not be "valid." We do not believe this is such a material change as to affect the rule, and that consequently this conveyance was invalid at the time as to Mrs. Kelly. In a note to *Jerdee v. Furbush,* at page 911 of 95 Am. St. Rep., many cases are collected showing that the weight of authority construing homestead statutes is to render the conveyance by one spouse void. We think the decision in *Hall v. Powell* is in harmony with the weight of authority on similar statutes, and should govern here. *Goldsborough v. Hewett,* 23 Okla. 66, 99 Pac. 907, 138 Am. St. Rep. 795, construing the same statute involved in *Hall v. Powell,* also held that the separate deed of a married man, the head of a family, to the homestead is void. The defendants in error, however, rely on the case of *Love, Sheriff, v. Cavett,* 26 Okla. 179, 109 Pac. 553, as establishing a contrary rule, but in that case the attack was made upon the conveyance by the spouse who executed the instrument, and the court held that the conveyance vested in the grantee the title to the property, subject to be avoided only by the nonjoining spouse; it being there said:

"Standing alone, said section 880 (Wilson's Rev. & Ann. St. 1903), which provides 'no deed * * * relating to the homestead exempt by law, * * * shall be valid unless in writing and subscribed by both husband and wife, if both are living and not divorced, except to the extent hereinafter provided' (Jordan and wife so living), would render the deed from Laura S. Jordan to Anna R. Cavett void, were it not thereafter further provided in section 883 (section 882 applying only to cases of abandonment), in effect, that, 'if the wife shall make any deed * * * to the homestead without being joined therein by the husband she shall be concluded thereby, and the same can only be avoided by the husband.' * * *"

It will thus be seen that the rule there laid down is in harmony with the conclusion we here announce, as in this quotation it is recognized that that statute would render the deed from

Laura S. Jordan to Anna R. Cavett void, were it not provided subsequently that it should be good except as against her husband. Applying that principle here, it follows that this instrument, while good as against Mr. Kelly, is bad as against Mrs. Kelly, she not having joined in it, and, as she is the one making the attack, the subsequent statute creating the exception does not apply.

It is next argued that the subsequent adoption of article 12, sec, 1, of the Constitution (Williams, Const. Okla., sec. 302), has the effect of validating this instrument, because it appears in this case that the homestead is worth in excess of $5,000, whereas that section limits the exemption to that amount. Section 1, art. 12, is as follows:

"The homestead of any family in this state, not within any city, town or village, shall consist of not more than one hundred and sixty acres of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city, town or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of five thousand dollars, and in no event shall the homestead be reduced to less than one-quarter of an acre, without regard to value: And provided further, that in case said homestead is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of five thousand dollars: Provided, that nothing in the laws of the United States, or any treaties with the Indian Tribes in the state, shall deprive any Indian or other allottee of the benefit of the homestead and exemption laws of this state: And provided further, that any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired."

It will be observed that this is not an action to enforce a debt against the homestead property, and that, therefore, the right to sell the homestead so as to reach the excess over $5,000 is not involved. This is an action to enjoin Mrs. Kelly, the nonjoining spouse, and the heirs of Mr. Kelly from erecting improvements upon a portion of this homestead, and is necessarily based upon the validity of the contract. Mrs. Kelly and the heirs defend upon the ground that the contract was invalid, because she did not join in it, and that the entire lot constitutes a part of the

homestead, and that, therefore, as the contract conveys an interest in the homestead it is invalid. The part of the homestead over which the right of way is granted has never been severed from the remaining part. It cannot be said that the part of the homestead thus affected is the excess in value over $5,000, and we cannot hold that the contract affects the excess more than we can hold that it affects the $5,000 valuation. In the nature of things a homestead is an entirety, and the wife's right to its use and occupation is coextensive with its boundaries. Whatever right the husband may have over the excess is an entire right, and not one capable of subdivision. If the homestead exceeds $5,000 in value, it cannot be said that the husband might sell the back yard, or that he might sell the front yard, or that he might sell the southwest room of the house. If this is true, then it follows that he cannot sell an interest in any part of the yard, as would be the case here if we should adopt the view of the plaintiffs.

There is still another point of view which prevents the plaintiffs from maintaining their position. That is, that the instrument, by virtue of the statute in force at the time it was executed, was invalid, and that a subsequent abandonment even of the homestead would not validate it. It is manifest that the constitutional provision referred to, by limiting the value of the homestead, does not have any greater effect than the voluntary abandonment of the homestead would have had, and the weight of authority is to the effect that, where the conveyance by one spouse of the homestead is void at the time of its execution, the subsequent abandonment of the homestead will not validate the conveyance. This doctrine is laid down in *Hall v. Powell, supra,* 8 Okla. 276, at page 283, 57 Pac. 168, at page 170, where it is said:

"And since the special findings of the court below, supported by evidence, show that the wife did not join in the mortgage, it was void from the beginning; and the subsequent abandonment, if, indeed, it was Oren Powells's intention never to return to the place, could have no effect to validate the mortgage or entitle the mortgagee to any remedy under it against the land included therein. *Ott v. Sprague,* 27 Kan. 620; *Brunner v. Bateman,*

66 Iowa, 488, 24 N. W. 9; *Shoemaker v. Collins,* 49 Mich. 597, 14 N. W. 559."

This is in accord with the weight of authority on the subject. *Rogers v. Day,* 115 Mich. 664, 74 N. W. 190, 69 Am. St. Rep. 593; *American Savings & Loan Ass'n v. Burghardt,* 19 Mont. 323, 48 Pac. 391, 61 Am. St. Rep. 507; *Gleason v. Spray,* 81 Cal. 217, 22 Pac. 551, 15 Am. St. Rep. 47; *Alt v. Banholzer,* 39 Minn. 511, 40 N. W. 830, 12 Am. St. Rep. 681; *Strayer v. Dickerson,* 205 Ill. 257, 68 N. E. 767; note in 95 Am: St. Rep. 920, where other authorities are collected, some of which hold to a contrary doctrine.

The plaintiffs pleaded an estoppel against Mrs. Kelly, but the court's findings of fact do not sustain the plea.

We think the judgment of the trial court should be reversed, and judgment rendered for the plaintiffs in error.

By the Court: It is so ordered.