GREGORY v. PRITCHARD et al.

(Circuit Court of Appeals, Eighth Circuit. March 5, 1917.)

No. 4587.

BANKRUPTCY ⬤396(5)—HOMESTEAD—PROPERTY EXEMPT—PURCHASE OF LEASED PREMISES.

A bankrupt, who had no other real estate, and who had purchased dwelling property which in area and value was within the provisions of Const. Okl. art. 12, § 1, as to homesteads, with the declared intention of making the property his home, but who was kept from possession thereof by a tenant under a lease for one year, notwithstanding reasonable effort on his part to obtain possession, is entitled to have the property set off as his homestead.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 668.]

Appeal from the District Court of the United States for the Western District of Oklahoma; F. A. Youmans, Judge.

In the matter of A. A. Gregory, bankrupt. From an order of the District Court, reversing the referee's order in setting off a homestead claimed by the bankrupt as exempt, over the objections of L. H. Pritchard, trustee in bankruptcy, and others, the bankrupt appeals. Order of the District Court reversed, and cause remanded.

Norman R. Haskell, J. S. Estes, and Charles L. Moore, all of Oklahoma City, Okl., for appellant.

W. F. Wilson, John Tomerlin, E. E. Buckholts, and A. M. Oliphant, all of Oklahoma City, Okl., for appellees.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. This case involves a right of homestead under the Constitution and laws of Oklahoma. The bankrupt scheduled the property in controversy as a homestead, and the referee set it off as exempt; but the trial court reversed the action of the referee, and held it as general assets of the estate.

About 11 months before the proceedings in bankruptcy were begun the bankrupt purchased a dwelling property in Oklahoma City for the declared purpose of occupying it as a home for himself and wife. At the time of purchase it was in possession of a third party under a lease for a year recently executed. The bankrupt had been informed that he could probably obtain possession and so made the purchase; but the tenant, upon being applied to by the bankrupt and by others in his behalf, finally declined to vacate the premises, or to let the bankrupt and his wife have a room in the house. The bankrupt made all reasonable efforts to obtain possession, but failed. He had no other homestead and no other real property. Between his purchase and the bankruptcy proceedings he painted the house, made some repairs on and about it, and pruned the fruit trees. In area and value this property was within the provisions of the Oklahoma Constitution as to homesteads. Article 12, § 1.

Illinois Life Ins. Co. v. Rogers (Okl.) 160 Pac. 56, decided since the ruling below, answers the question here. The court said:

"Under a liberal construction of the homestead law—and it must be conceded that this law should be liberally construed in favor of the people for whose protection it was enacted—it must be held that a purchase of a piece of land within the statutory limits as to quantity and value with intention in good faith of presently residing on it, or residing on it as soon as some temporary obstacle to such residence can be removed or some necessary preparation for the same can be made, is equivalent to actual occupancy of the residence, and said property is exempt from lien, levy, or forced sale."

We think the case is properly here, and that the motion to dismiss should be denied. The order of the District Court is reversed, and the cause remanded for further proceedings in conformity with this opinion.