### FOSTER et al. v. VICKERY et al.

No. 15690—Opinion Filed Sept. 8, 1925.

1. **Homestead—Rural Homestead—Declarations—Delayed Occupancy.**

A tract of land not in any city, town, or village may be impressed with the homestead character by expressions of intention by the owner to make it such, accompanied or followed by overt acts tending to prepare it for a reasonably delayed occupancy as a home for his family, and where in sequence the declarations of intention and overt acts of preparation are followed by actual occupancy, the doctrine of relation impresses upon such land the homestead character as of the date of the oral declaration of intention.

2. **Same—Inconsistent Acts by Owner—Effect.**

But in such case, where the overt acts relied on are as consistent with improvement for rental purposes as for homestead purposes, and in contradiction of the oral declarations of intention the owner purchases, improves, and makes the family home upon another and different piece of property, the homestead character is not impressed upon the land first mentioned.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Cross-petition by S. H. Foster and Lulu Foster against Minnie Vickery, formerly Minnie Foster, Lyman Foster, Opal Foster, Haskell Foster, Loretta Foster and Verda Foster, minors, codefendants in a pending action. Decree was entered against the cross-petitioners and in favor of their codefendants above named. From this decree the

cross-petitioners, S. H. Foster and Lulu Foster, bring error. Reversed with directions.

Waddell Investment Company brought its action to foreclose a mortgage upon the property involved in this proceeding. Cross-petitioners were defendants in that foreclosure action and filed their cross-petition against their codefendants above named for foreclosure of a mortgage upon the same premises subsequent and inferior to the Waddell mortgage. The allegations of the cross-petition were in the usual form in foreclosure actions. Minnie Vickery and the minor defendants, through their guardian ad litem, filed their answers to the cross-petition in which they alleged, in substance, that the mortgage of the cross-petitioners was without consideration and was made for the purpose of defrauding said answering defendants, and that at the time said mortgage was given by L. E. Foster, the defendant, Minnie Vickery, was the wife of the said L. E. Foster and did not join in the execution of said mortgage; that at the time of the execution of said mortgage, it was the intention of L. E. Foster and his then wife to. establish a homestead on said lands. and that in pursuance of such intention, the said L. E. Foster had planted an orchard thereon and intended to build a house and make said farm the family home, but that such intentions were not carried out because of divorce proceedings instituted by the said Minnie Vickery, then Minnie Foster, against her said husband, L. E. Foster, and defendants prayed for the cancellation of said mortgage. Cross-petitioners replied by general denial.

Upon the issues thus made the case was tried, the court empaneling a jury for the purpose of passing upon the sole question of whether the land in question at the date of the mortgage of cross-petitioners was a homestead, that question being submitted to the jury by the court by instructions and a special interrogatory. The jury made its finding that the land in question was a homestead at the date of said mortgage, and the court adopted this finding of the jury. Cross-petitioners filed their motion for judgment non obstante veredicto, which was overruled by the court and exception allowed. Thereupon a decree was entered declaring the mortgage of the cross-petitioners void and canceling the same of record. After unsuccessful motion for new trial the cross-petitioners have brought the case here by petition in error with case-made attached for review. The other facts necessary to be considered in the determination of this case will be stated in the opinion. The cross-petitioners will be hereafter referred to as plaintiffs in error and the defendants in the cross-action will be hereafter referred to as defendants in error.

Sandlin & Winans, for plaintiffs in error.

C. L. McArthur, for defendants in error.

Opinion by LOGSDON, C. Only one question is presented by this proceeding, which is necessary to determine in order to reach a conclusion. That question is, Was the decree of the trial court clearly against the weight of the evidence?

This is an equitable action, a jury being empaneled merely to advise the court upon one issue of fact submitted to it by instructions and a single interrogatory. In such a case this court is authorized to consider and weigh the evidence, and if it finds the decree of the trial court to be clearly against the weight thereof, to render or cause to be rendered such decree as the trial court should have rendered. Pevehouse v. Adams, 52 Okla. 495, 153 Pac. 65; Marshall v. Grayson, 64 Okla. 45, 166 Pac. 86; Martin v. Bruner, 64 Okla. 82, 166 Pac. 397; Hart v. Frost, 73 Okla. 148, 175 Pac. 257; Lee v. Little, 81 Okla. 168, 197 Pac. 449; Keechi Oil & Gas Co. v. Smith, 81 Okla. 266, 198 Pac. 588.

Briefly stated, the record reflects this state of facts: For a number of years prior to December 1, 1920, L. E. Foster and Minnie Foster were husband and wife, there being five children at the above date of divorce; they lived in Stephens county; in 1915, L. E. Foster traded some land in Washita county for the land involved in this action, which is approximately 160 acres; it had a tenant house on it, was in cultivation, and there were some. other improvements; the family lived in Duncan, and so continued up to the date of the divorce; in 1916 or 1917, the exact time not being made certain by the testimony, Foster set out an orchard on this place, its extent and success not being shown, and he and his wife told several persons that they intended to build a family home on the place near this orchard; in 1918 Foster bought a residence in Duncan, and after making some additions and improvements, it was occupied by the family as a home and so continued to be to the date of the divorce decree; in the decree of divorce this Duncan property is described as "the home place heretofore occupied by plaintiff and defendant," while the land here involved is described as "the farm"; on January 2, 1919, the mortgage here involved, covering this farm land, was execut-

ed and delivered by Foster without his wife, joining therein; on Thanksgiving day, 1919, this husband and wife separated, and on December 1, 1920, this separation eventuated in a decree of divorce by the terms of which "the home place" in Duncan and "the farm" here involved, were awarded to the wife in trust for the benefit of the children; both of these parents have married other persons; the former wife here seeks to cancel the mortgage of January 2, 1919, on the ground that "the farm" was the homestead of the family and she did not join in the execution of the mortgage.

Both by Constitution and statute the homestead of any family in this state, not within any city, town or village, shall consist of not more than 160 acres of land to be selected by the owner. Const. art 12, sec. 1; Comp. Stat. 1921, sec. 6597. Both Constitution and statute are silent as to the time and manner of selection, and it has been held by this court that the question of a selection sufficient to impress the homestead character on property, without actual occupancy thereof as a home, must depend on the facts and circumstances in evidence in each case. McDonald v. Miller, 77 Okla. 97, 186 Pac. 957. Intention is evidenced by acts, or expressed by language. Sometimes both acts and language concur in evincing an intention. At other times the acts and language on which the existence of intention depends for support are at variance. When such a case is presented the acts of the parties are more cogent and of greater probative value in determining what were their intentions at a stated time than are mere words expressive of their future intentions.

So it is with the case here presented. In 1916 or 1917, and perhaps later, both spouses, expressed to witnesses their intention to build a home for the family on the land involved, but in 1918, they purchased a home in Duncan, spent money in adding to and improving it, and moved into it, occupying and using it as a home until the divorce, about two years later. The reasonable inference from the record is that it is still so occupied by the former wife and the children. Upon the trial of the instant case, these exspouses flatly contradicted each other as to why their expressed intentions were never carried out. He says she refused to live in the country. She says she begged him to make the farm their home, which he refused to do. Thus it is demonstrated that there was no mutuality of understanding between them as to this expressed intention.

When their acts at variance with their expressed intentions are considered, they are found to be mutual and in accord, resulting in the purchase and establishment of a home for the family in Duncan. When she obtained her divorce it must be presumed that the decree designating and describing the two pieces of real estate conformed to the pleading and the proof in that case. Thus the solemn decree of divorce, by virtue of which this former wife now holds the legal title to both pieces of real estate, confutes her instant claim that "the farm" was the home of the family and that it was impressed with the homestead character.

This court has passed upon numerous cases involving homestead questions since the advent of statehood, and has uniformly given liberal construction to the constitutional and statutory provisions for the protection of the home of the family against the claims of creditors. It has held consistently, in the absence of statutory requirement as to actual occupancy, that a bona fide intention to make a tract of land the family home evidenced by overt acts in preparation for a reasonably delayed occupancy, will be sufficient to impress the land with the homestead character. Kelly v. Mosely, 34 Okla. 218, 124 Pac. 984; Laurie v. Crouch, 41 Okla. 589, 139 Pac. 304; Illinois Insurance Company v. Rogers, 61 Okla. 43, 160 Pac. 56; American Surety Co. v. Gibson, 65 Okla. 206, 166 Pac. 112; McFarland v. Coyle, 69 Okla. 248, 172 Pac. 67. In harmony with the principle of the foregoing cases, this court has also held that where the homestead character has once been impressed on land, the burden of proof as to abandonment rests on the one asserting it. McCammon v. Jenkins, 44 Okla. 612, 145 Pac. 1163; Long v. Talley, 84 Okla. 38, 201 Pac. 990. But this court has not held that a bare expression of intention to make a certain tract of land the family home at some future time, contradicted by the subsequent act of acquiring and dedicating to the family use as a home an entirely different piece of property, is sufficient to impress the homestead character on the property first mentioned. It has held directly to the contrary. Shipley v. Thompson, 106 Okla. 41, 234 Pac. 717. The principle of bona fide intention evidenced by overt acts in preparation for a reasonably delayed occupancy on which the homestead character has frequently been upheld by this and other courts, is based upon the doctrine of relation. But where an expressed intention, or even overt acts, are not followed by the logical and subsequent act of occupancy,

even after a lapse of years, there is nothing to render applicable the doctrine of relation.

The constitutional provision defining the homestead of the family within a city, town or village is quite different from that defining the rural homestead, in that it is required to be "owned and occupied." As to both kinds of homesteads, it is provided that any temporary renting shall not change its character "when no other homestead has been acquired." In the instant case, the urban homestead in Duncan was "owned and occupied" as a home prior to the execution of the mortgage in question on the farm and so continued for more than two years. Since there can be only one residence homestead for each family, it is evident that these spouses selected, "owned and occupied" "the home place" in Duncan as their homestead in preference to carrying out their previous expressed intention of making "the farm" their home, thus omitting the overt acts and reasonably delayed occupancy which, by the doctrine of relation would have been sufficient to impress the homestead character on the farm as one of the date of their oral expressions of intention. The setting out of the orchard was an act as consistent with improvement for rental purposes as for homestead purposes, and can have no probative value in impressing the homestead character on "the farm," as against the unequivocal acts of the parties.

Upon the trial of the case, the consideration for the notes and mortgage involved was established without contradiction. Therefore, the equities of this case are as strong for plaintiffs in error as for defendants in error. In such case it is the duty and province of the court to apply the age-old maxim of equity and let the law prevail.

For the reason that the evidence is wholly insufficient to sustain the finding of the jury, which the trial court adopted as its own, this cause should be reversed, with directions to the trial court to vacate, set aside, and hold for naught its decree rendered in conformity to such finding, and to enter a decree in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 29 C. J. p. 804, § 50; 13 R. C. L. p. 593; 3 R. C. L. Supp. pp. 64, 65; 4 R. C. L. Supp. p. 824. (2) 29 C. J. p. 805, § 50.