Note.—See under (1) 36 Cyc. p 1031; 25 R. C. L. p. 871.   (2) 36 Cyc. p. 1031.   (3) 36 Cyc. p. 1098.

---

**GUARANTY STATE BANK of CHECOTAH v. PRICE et al.**

No. 16779.   Opinion Filed July 26, 1927.

(Syllabus.)

**1. Homestead—Abandonment by Divorce Where no Minor Children.**

Where either the husband or wife obtains a divorce, and there are no minor children, it operates as an abandonment of the homestead right.

**2. Same—Judgment for Divorced Wife not Sustained.**

Record examined, and held, insufficient to support the judgment of the trial court.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by the Guaranty State Bank of Checotah against Elizabeth Price et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Britton H. Tabor, for plaintiff in error.

Turner, Turner, Harley & Parris and S. L. O'Bannon, for defendants in error.

HEFNER, J. The parties will be referred to herein as they appeared in the district court.

It is conceded that the only question presented on appeal was whether or not a certain tract of land, consisting of 40 acres and improvements thereon, was the homestead of Elizabeth Price, one of the defendants. The defendant G. I. Price was the husband of the defendant Elizabeth Price, and she obtained a final decree of divorce from him in May, 1925, subsequent to the institution of this action, but at the time of the trial of the cause she was a single person and there were no minor children. Where the wife without minor children obtains a divorce, does it operate as an abandonment of the homestead right? We think it does. In the case of Trower et al. v. Wetmore, 123 Okla. 81, 252 Pac. 48, this court in the first paragraph of the syllabus said:

"Where a husband and wife, without minor children, occupy certain premises as a home for a number of years, title being in the husband, and the wife thereafter leaves the home and husband and obtains a decree of divorce, such divorce operates as an abandonment of the homestead right in such property."

This states the correct rule. The facts in the case at bar bring it within the rule announced in the above case. When the defendant, Elizabeth Price, divorced her husband, she could not thereafter claim a homestead right in the 40 acre tract of land in controversy. When she obtained her divorce it operated as an abandonment of the homestead right.

It is urged that the facts in the case at bar bring it within the rule announced in the case of Greenshaw v. Brown, 96 Okla. 11, 219 Pac. 934. We do not think it does. In the Greenshaw Case the land attached was patented to L. Brown, and he and his family had lived upon it as a homestead for a number of years before the attachment. The wife of L. Brown, however, had died some five or six years before the case was tried. He, after her death, continued to live on the land and had always claimed it as his homestead.

The homestead of the family is protected from forced sale both by the Constitution and by our statutes. The homestead right is a creature of the Constitution and the statutes, and upon the death of either the husband or wife, under section 1224, C. O. S. 1921, the survivor may continue to possess and occupy the homestead. There is no such provision with reference to the occupancy of the homestead by either of the spouses in the case of a divorce. The instant case, therefore, does not come within the rule anounced in Greenshaw v. Brown, supra, but does come within the rule stated in the case of Trower et al. v. Wetmore, supra

The judgment of the trial court is therefore reversed, with directions to grant a new trial and render judgment in favor of the plaintiff as to the 40 acres of land and order the same sold under execution.

BRANSON, C. J., MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 29 C. J. p. 934, §347; anno. 23 L. R. A. 239; 16 L. R. A. (N. S.) 114; 36 A. L. R. 433; 13 R. C. L. p. 680; 4 R. C. L. Supp. 826; 6 R. C. L. Supp. p. 770.