**McANDREW v. McANDREW.**

No. 22081.    April 17, 1934.

Font L. Allen for plaintiff in error.

Ramsey, de Meules, Martin & Logan, for defendant in error.

WELCH, J. This is an appeal from the district court of Tulsa county, Okla., from an order of the court overruling defendant's motion to quash execution. Orpah McAndrew, defendant in error, was plaintiff in the trial court, and Patrick McAndrew, plaintiff in error here, was defendant in the court below. The parties will be referred to in this opinion as plaintiff and defendant, as they appeared in the trial court.

On March 20, 1928, plaintiff obtained a decree of divorce from the defendant and a personal money judgment. On July 31, 1930, execution was issued for the purpose of enforcing collection of certain portions of the judgment, and on August 9, 1930, this execution was levied on certain household goods of the defendant.

The defendant filed a motion to quash the execution, on the grounds that the property levied upon thereunder was exempt from execution. This motion, after a hearing, was overruled by the court, and thereafter motion for new trial was filed and overruled. The defendant has appealed.

The question presented on appeal, and which is determinative of the issues, is whether or not the household goods of the defendant which were levied upon are exempt from execution. At the time of the levy the defendant was a single man.

The facts were presented to the court by stipulation of the parties, and are substantially as follows: Prior to the marriage of plaintiff and defendant, in 1926, the defendant was the owner of a home in the city of Tulsa. The household goods levied upon here were the household goods contained in this home while it was so occupied by the defendant and a former wife. There also resided with him at the time a minor brother and sister. At the time the execution was levied on the household goods, the defendant had been divorced by the plaintiff and had not remarried, and the defendant's brother and sister had grown to maturity and married and established separate homes of their own. The defendant was residing in this same home alone and without dependents. It is not contended here that any of the property so levied upon is covered by

the exemptions contained in section 1645, O. S. 1931, which enumerates property reserved to persons not heads of families.

It is contended by the defendant that the property is exempt from execution by virtue of the provisions of section 2, art. 12, of the Constitution of this state, contending that the household goods contained in his home are a part of the homestead referred to in said section of the Constitution, and suggesting in connection with this contention that section 1224, O. S. 1931, supports this theory. He contends that a construction of the constitutional provision referred to, and the statutory provision together, will support his contention in that regard. The constitutional provision referred to provides that "the homestead of the family shall be and is hereby protected from forced sale for the payment of debts. * * *" The statutory provision referred to is to be found in probate laws and provides that exempt property is also allowed the family. This statute, section 1224, O. S. 1931, applies in case of the death of either husband or wife. This section, together with the next preceding one, authorizes the surviving husband or wife, in the event of the death of the other, to continue to possess and occupy the homestead, and also to have delivered over the specific personal property therein described, including, among other items, household goods and exempt property in general. It is defendant's theory that the personal property herein involved is a portion of the homestead, and as such is exempt under the provision of the Constitution referred to.

Plaintiff contends that at the time the property was levied upon, the defendant was not the head of a family, and that such property was not exempt by any provision of the Constitution, nor by any statutory law.

We express no opinion as to the merits of defendant's contention that household goods are a portion of the homesteads exempted to families in Oklahoma by the provision of the Constitution, as a determination of such question is not necessary for a disposition of this cause. If the defendant was not the head of a family at the time of the levy, the property levied upon is not exempt.

The defendant in his brief quotes at length from Greenshaw v. Brown, 96 Okla. 11, 219 P. 934. That was a case dealing with real property claimed to be exempt as a homestead. The real estate had consti-

tuted the homestead of Brown and his wife until her death, and, after her death he had continued to reside upon the land. The court upheld his right to so reside upon the homestead and preserve its character of exemption as a homestead under the specific provision of section 1224, C. O. S. 1921, the same as section 1223, O. S. 1931. That case did not involve personal property as here, and it should be further noted that in the Greenshaw Case, the court was not considering the rule applicable in case of decree of divorce, but was considering the rule applicable in case of the death of one spouse and the survival of the other, and the court found the rights of a surviving spouse, in event of the death of the other, to be specifically provided for by statute. In the body of the opinion in the Greenshaw Case, supra, will be found some quotations from other jurisdictions which are suggested as supporting the defendant's theory here; however, the force of these quotations is destroyed for that purpose by the later decisions from this court in Trower, Adm'r, et al. v. Wetmore, 123 Okla. 81, 252 P. 48, and Guaranty State Bank of Checotah v. Price, 126 Okla. 83, 258 P. 748.

In the Trower Case, supra, the court, in the first syllabus, announced the following rule:

"Where a husband and wife, without minor children, occupy certain premises as a home for a number of years, title being in the husband, and the wife thereafter leaves the home and husband and obtains a decree of divorce, such divorce operates as an abandonment of the homestead right in such property."

In that case the wife had abandoned the homestead premises and procured a divorce. In the body of the opinion, the court says:

"Regardless of which statement is correct concerning the forum of the divorce proceeding, it is indubitable that during the remaining months or years after the divorce, during which Gottman occupied the premises in controversy, his occupancy was that of a single man and not as head of a family. The decree of divorce operated as an abandonment of the homestead, and withdrew from him the benefits of the homestead exemption laws of the state (Const. art. 12; Comp. Stat. 1921, section (6595), conferring upon him merely the exemptions of a single man. (Comp. Stat. 1921, section 6599.) He could at any time thereafter convey or mortgage the premises in controversy without the consent of his former wife. Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907."

In Guaranty State Bank of Checotah v.

Price, supra, the court held in the first syllabus:

"Where either the husband or wife obtains a divorce, and there are no minor children, it operates as an abandonment of the homestead right."

In the body of the opinion in that case, the court discusses the Greenshaw v. Brown Case, supra, and points out that the decision in the Greenshaw Case was based upon the provision of section 1224, C. O. S. 1921. We quote from the body of the Guaranty State Bank of Checotah Case, supra, as follows:

"The homestead of the family is protected from forced sale both by the Constitution and by our statutes. The homestead right is a creature of the Constitution and the statutes, and upon the death of either the husband or wife, under section 1224, C. O. S. 1921, the survivor may continue to possess and occupy the homestead. There is no such provision with reference to the occupancy of the homestead by either of the spouses in the case of a divorce. The instant case, therefore, does not come within the rule announced in Greenshaw v. Brown, supra, but does come within the rule stated in the case of Trower et al. v. Wetmore, supra."

We are of the opinion that the Trower Case, supra, and the Guaranty State Bank of Checotah Case, supra, are authority for our holding in the instant case that at the time of the levy of the execution here the defendant was not the head of a family within the meaning of the provisions of our Constitution and statutes relative to homestead exemptions, and the property involved was not exempt at the time of the levy. It will be observed from an examination of the foregoing case that, if we were to subscribe to the defendant's theory that the household goods herein are a part and portion of the homestead, which is made exempt by section 2, art. 12, of the Constitution, even then he could not prevail in the instant case in view of such authorities.

In view of the foregoing, we consider it unnecessary to pass upon plaintiff's motion to dismiss which has been filed herein.

The judgment is affirmed.

CULLISON, V. C. J., and ANDREWS, McNEILL, BUSBY, and OSBORN, JJ., concur.