**DAVIS et ux. v. FLOWERS, Sheriff, et al.**

No. 24480.   Nov. 12, 1935.

W. T. Drake, C. A. Summers, and R. Emmett Stewart, for plaintiffs in error.

C. E. Castle and E. J. Broaddus, for defendants in error.

PER CURIAM. This is an appeal from a judgment in an injunction suit denying a permanent injunction from Wagoner county. The plaintiffs in error were plaintiffs and the defendants in error were defendants in the trial court, and they will be called in this opinion as in the court below.

The facts in the case are substantially as follows:

Dennis Thompson obtained a judgment against J. P. Davis et al. in the district court of Wagoner county. He later died, and the case was thereafter revived in the name of his widow, Jimmie Thompson, executrix of the estate of Dennis Thompson, deceased. And an execution was issued on said judgment and placed in the hands of the sheriff of Wagoner county for service and the sheriff levied the execution on two tracts of lands in said county belonging to the plaintiff J. P. Davis, as follows: The south 30 acres of the southwest quarter of the northeast quarter of section 10, in township 16 north, range 16 east, and the south 12.15 acres of lot 3, section 2, township 16 north, range 16 east, in Wagoner county, and advertised the same for sale to satisfy the said judgment. The plaintiff herein, J. P. Davis, brought suit in the district court of Wagoner county against the sheriff and the judgment creditor, Jimmie Thompson, executrix of the estate of Dennis Thompson, deceased, to enjoin the sale of said lands, on the ground that he claimed the same as his homestead. The defendants answered by a general denial. During the trial Estella Davis, wife of the plaintiff, on agreement of the parties and by order of the court, was made a party plaintiff. She entered her appearance and adopted the pleadings of the plaintiff.

This cause was tried to the court and in the trial the testimony showed that the plaintiffs were married and had a family; that in the year 1918 the plaintiff J. P. Davis bought five lots in the town of Redbird, Okla., upon which was located a building, the four back rooms of the building being used as a home and the front part thereof being used as a store. The plaintiff Estella Davis operated the store until the stock of merchandise was sold on an execution issued on the judgment above referred to. The testimony further shows that the plaintiffs have lived in this building since 1918, and since that time have built a large chicken house, a barn and other lasting improvements. The testimony further shows that the plaintiff J. P. Davis purchased the 12.15 acres of land in 1911 and the 30-acre tract of land in 1919 and the two tracts are just outside the town of Redbird; that the 12.15-acre tract had been only partially enclosed with a fence and had no improvements thereon; that

the plaintiff J. P. Davis had placed an orchard upon the 30-acre tract a number of years ago, and that at the time of the trial more than one-half of the trees had died, and that the same was enclosed with a fence; that no other improvements whatsoever had been placed upon either of the tracts of land until after the judgment was rendered against the plaintiff J. P. Davis, and after the rendition of the judgment he placed a small chicken house upon the 30-acre tract to be used as a tool shed. The testimony further showed that the plaintiff J. P. Davis was a preacher and that he and his family earned a living from his services as a preacher, from farming the 42.15 acres of land, and from the profit made from the store; that the plaintiffs had told several persons that they had bought the farm property for a home and intended to have it as their homestead.

The court after hearing the testimony rendered judgment in favor of the defendants and held the 42.15 acres of land did not constitute the homestead of the plaintiffs, and that the same is not a homestead exempt from execution and the same is subject to execution sale in satisfaction of said judgment; that the temporary restraining order be dissolved, and that the plaintiff's petition for permanent injunction be denied.

There is but one question presented in this appeal, and that is, whether the judgment of the trial court is clearly against the weight of the evidence.

Both by Constitution and statute the homestead of any family in this state, not within any city, town or village, shall consist of not more than 160 acres of land to be selected by the owner. Const. art. 12, sec. 1; O. S. 1931, sec. 1643. Both Constitution and statute are silent as to the time and manner of selection, and it has been held by this court that the question of a selection sufficient to impress the homestead character on property, without actual occupancy thereof as a home, must depend upon the facts and circumstances in evidence in each case. McDonald v. Miller, 77 Okla. 97, 186 P. 957. Intention is evidenced by acts, or expressed by language. Sometimes both acts and language concur in evincing an intention. At other times the acts and language on which the existence of intention depends for support are at variance. When such a case is presented the acts of the parties are more cogent and of greater probative value in determining what were their intentions at a stated time than are mere words expressive of their intentions.

So in this case the plaintiffs purchased the lots and building in the town of Redbird, Okla., in the year 1918, and at various times, between then and the time of the levying of the execution, made permanent and lasting improvements upon the town property and there reared their family. At no time until after the rendition of the judgment did they place any improvements upon the lands involved in this suit, and then only a small chicken house to be used as a tool shed, about 6 x 8 feet.

This court has passed upon numerous cases involving homestead questions, and has always given liberal construction to the constitutional and statutory provisions for the protection of the home of the family against the claims of creditors. It has been held consistently that a bona fide intention to make a tract of land the family home, evidenced by overt acts in preparation for reasonably delayed occupance, will be sufficient to impress the land with the homestead character. Kelly v. Moseby, 34 Okla. 218, 124 P. 984; Laurie v. Crouch, 41 Okla. 589, 139 P. 304; Illinois Insurance Co. v. Rogers, 61 Okla. 43, 160 P. 56; American Surety Co. v. Gibson, 65 Okla. 206, 166 P. 112; McFarland v. Coyle, 69 Okla. 248, 172 P. 67. In harmony with the principle of the foregoing cases, this court has also held that where the homestead character has once been impressed on land, the burden of proof as to abandonment rests on the one asserting it. McCammon v. Jenkins, 44 Okla. 612, 145 P. 1163; Long v. Talley, 84 Okla. 38, 201 P. 990. But this court has not held that a bare expression of intention to make a certain tract of land the family home at some future time, contradicted by the subsequent act of acquiring and dedicating to the family use as a home an entirely different piece of property, is sufficient to impress the homestead character on the property first mentioned. It has been held directly to the contrary. Shipley v. Thompson, 106 Okla. 41, 234 P. 717. Where an expressed intention, or even overt acts, are not followed by logical and subsequent act of occupancy, then the parties are not entitled to claim the property as a homestead.

We, therefore, find that the evidence reasonably supports the judgment of the trial court, and the same is hereby affirmed.

The Supreme Court acknowledges the aid of Attorneys E. S. Collier, Lonnie Corn, and Tom L. Ruble in the preparation of this opinion. These attorneys constituted an ad-

visory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Collier and approved by Mr. Corn and Mr. Ruble, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur. BAYLESS, WELCH, and CORN, JJ., absent.