## CHENNAULT v. GLENN et ux.

No. 29512. Jan. 28, 1941.

*109 P. 2d 811.*

I. C. Sprague, of Idabel, for plaintiff in error.

M. F. Hudson, of Idabel, for defendants in error.

CORN, V. C. J. This is an action commenced in the district court of McCurtain county, by the plaintiff in error, hereinafter referred to as plaintiff, against the defendants in error, W. H. Glenn and Lula Glenn, hereinafter referred to as defendants. The plaintiff sought by his action to set aside a conveyance of real property made by the defendants herein to one John Scroggins and to subject said real property to the payment of a judgment in favor of the plaintiff and against the defendant W. H. Glenn theretofore recovered by said plaintiff in the district court of McCurtain county.

One of the defenses set up by the defendants in their answer was that the property in controversy was their homestead. After a hearing to the court, the court in part entered the following judgment:

"The court having heard the evidence and being fully advised in the premises, finds:

"That on the 9th day of January, 1937, the plaintiff recovered judgment against the defendant, W. H. Glenn, for the sum of $500, for personal injuries sustained in an automobile accident occurring on the 15th day of July, 1934, and that no part of said judgment has been paid; that on the 8th day of January, 1938, execution was issued on said judgment and on the 21st day of January, said execution was returned nulla bona.

"The court further finds, that on the 23rd day of July, 1934, the defendant, W. H. Glenn, being the owner of the following described real estate and premises situated in McCurtain county, state of Oklahoma, to wit:

"NE ¼ of sec. 6, twp. 6 south, range 22 east, conveyed the same to one John Scroggins, who thereafter, on the 28th day of March, 1936, conveyed said real estate to the defendant, Mrs. Lula Glenn, the wife of the defendant, W. H. Glenn.

"The court further finds * * * that said property constituted the homestead of the defendants. * * *"

The only proposition for us to consider in this case for a determination thereof is whether the court erred in holding that the property sought to be levied upon was the homestead of the defendants.

The only testimony in the record showing or tending to show whether the land involved constituted the homestead of W. H. and Lula Glenn was given by Lula Glenn, and is, in substance, as follows: That she and her husband lived in a shack about three-fourths of a mile from the 160 acres of land involved; that they lived in this shack for the reason it was higher than the bottom land, but that said land was being cleared and cultivated by them; that the proceeds earned from the cultivation of said land was used for the support and maintenance of themselves and their children; and they purchased the land for a homestead and intended to build a home on it when it was cleared and made ready therefor.

No testimony whatever was offered or introduced by the plaintiff to contradict the testimony of Mrs. Glenn as to the homestead character of the land. Therefore, we believe that upon this testimony and the record herein, the court was correct in its finding of fact that the land constituted their homestead. This court has many times held that actual occupancy of the land is unnecessary to constitute a homestead. McFarland v. Coyle, 69 Okla. 248, 172 P. 67; Illinois Life Ins. Co. v. Rogers, 61 Okla. 43, 160 P. 56.

There are other assignments of error raised by the plaintiff in his brief which under the holding herein are unnecessary to discuss.

Judgment of the trial court affirmed.

WELCH, C. J., and GIBSON, HURST, and DAVISON, JJ., concur.