Elmer N. YODER, Appellant,

v.

STATE of Oklahoma, ex rel., Charles C. CASE, Jr., Real Estate Commissioner and the Oklahoma Real Estate Commission, Appellees.

No. 66472.

Supreme Court of Oklahoma.

July 11, 1989.

Rodney L. Buck, Tulsa, for appellant.

Philip Holmes, Oklahoma City, for appellees.

SIMMS, Justice:

The single question presented is whether an oral declaration that a law suit would be filed against a licensed real estate broker for alleged violations of the Oklahoma Real Estate License Code is sufficient to put the Oklahoma Real Estate Commission on notice that a claim may be made and relief paid under the Education and Recovery Fund, pursuant to 59 O.S.1981 § 858–601 et seq. There are no disputed facts.

Appellant Yoder and an associate, Stephens, entered into an investment agreement with a licensed real estate broker, Ross Silvey, in which Yoder and Stephens were to provide investment capital to purchase income properties through Silvey's brokerage. After the money had been paid, rather than purchasing the properties as agreed, Silvey instead purchased the properties on his own, with the assistance of his attorney, Woody, whose corporation apprears to have acted as a "straw man" for the transaction.

Upon becoming aware of the apparent fraud, appellant Yoder and his associate filed a formal complaint with the Oklahoma Real Estate Commission. In that complaint, appellant outlined the circumstances of the transaction and asked for the commission's advice on what action appellant and his associate should take to recover their money. The written complaint was followed up by various telephone calls made by Stephens to the commission in-

quiring as to what additional steps needed to be taken. It was in one of the earlier conversations that Stephens was advised to persue the claim against Silvey in district court.

The district court action resulted in a judgment in favor of appellant and Stephens. An agreement was entered into following that judgment where Silvey promised to make timely payments on the adjudicated debt. Silvey defaulted on this obligation and appellant sought recovery from the Education and Recovery Fund. This claim was subsequently denied on the advice of counsel for the Oklahoma Real Estate Commission.

Yoder appealed the denial of his claim to the commission and a hearing was held in which the above facts were presented. At the close of evidence the commission voted to deny the claim on the grounds that notice of the district court action had not been properly "sent" to the commission at the time the action was commenced. This ruling was later affirmed on appeal by the District Court of Tulsa County. Appellant then brought the instant appeal. On review, the Court of Appeals, Div. IV, reversed the trial court's decision, stating that a claimant "should not be denied relief on the basis of a technical, semantic controversy over what is 'notification' and what is 'sent.'" We granted certiorari to consider the narrow issue of first impression: whether oral notice is adequate notification under 59 O.S.1981 § 858–603(A)(3).

I.

The Oklahoma Real Estate Education and Recovery Fund was created by the Oklahoma Legislature in 1977. Laws 1977, c. 182, § 6, eff. July 1, 1977; 59 O.S.1981 § 858–601 et seq. This fund consists of monies received by the Oklahoma Real Estate Commission by assessing an additional $15.00 fee to Real Estate License fees. The purpose of the fund is to reimburse "any person who has been adjudged by a

court of competent jurisdiction to have suffered monetary damages" through acts of "fraud, misrepresentation, deceit, false pretenses, artifice, trickery" or other violations of the Oklahoma Real Estate License Code committed by licensed real estate agents and brokers. § 858–601(B).

Section 858–603 of this act sets out the eligibility requirements to recover from the fund. The relevant provision of the statute in effect at the time states:

"A. Any person shall be eligible to seek recovery from the Oklahoma Real Estate Education and Recovery Fund if the following conditions have been met:

1. An action has been filed in district court based upon a violation specified in the Oklahoma Real Estate License Code;

2. The cause of action has accrued on or after July 1, 1977, and not more than two (2) years prior to the filing of the action;

3. *At the time the action is brought, notification is sent to the Commission of the commencement of the action.* Defendants shall provide their own legal counsel; but if such defendant fails to provide proper legal counsel, then the Commission may hire legal counsel in the name of and on behalf of the defendant and such attorney's fees shall be taxed and collected as provided for other civil actions;

4. Final judgment is received by the plaintiff upon such action;

5. The final judgment is enforced as provided by statute for enforcement of judgments in other civil actions and that the amount realized was insufficient to satisfy the judgment; and

6. Any compensation received by the plaintiff from the judgment debtor, or from any other source for any injury arising out of the cause of action, has been applied to the damages awarded by the court." (emphasis added).

Subsection three (3), above, is the provision at dispute here. The record shows that appellant Yoder, through his associate Ste-

phens, communicated an intent to file a civil action. We are called upon to determine whether, in this case, an oral communication is tantamount to sending notification. We hold that it is not.

## II.

A long-standing rule of statutory construction states that courts will not adopt a construction, ascribing a literal meaning to words used, which would result in great inconvenience or lead to absurd consequences. *Taylor v. Langley,* Okl., 112 P.2d 411 (1941). The reverse of that rule of construction is equally true: the courts will refrain from interpreting words used so liberally that great inconvenience or absurd consequences result. Nor may the courts adopt an interpretation of a statute which is so expansive that the court's interpretation has the effect of amending, repealing or circumventing the purpose of the statute. *Toxic Waste Impact Group, Inc. v. Leavitt,* Okl., 755 P.2d 626 (1988). Whenever possible, words used in a statute will be interpreted according to their common, every-day meaning. *Hess v. Excise Board of McCurtain County,* Okl., 698 P.2d 930 (1985).

■ Here, appellant Yoder argues that since the statute is remedial in nature, the words used, specifically the word "sent", should be accorded a liberal interpretation in order to give effect to the legislative intent. Yoder argues that "sent" in this case should be interpreted as meaning "communicated" and that if the legislature had intended for written notice to be the form of notification, the statute would have so specified.

Conversely, appellee argues that "sent" has a limited meaning in its common, ordinary sense and had the legislature intended to include oral notice as sufficient under the statute, the statute would so state. Appellee also suggests that by giving the statute the liberal interpretation offered by appellant, the commission would be required to monitor all court dockets in all of

Oklahoma's seventy-seven counties on a daily basis in anticipation that lawsuits might be filed. While we believe that appellee overstates the administrative difficulties that would result from appellant's interpretation, we find merit in appellee's argument.

We do not believe that the legislature intended to mean simply "communicated" when it used the word "sent" in the statute at issue. *Black's Law Dictionary*, 5th Ed., defines "send" as follows:

"Term in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none, to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending." (citation omitted).

Similarly, "notification" has a distinct, common and ordinary meaning: "1: the act or an instance of notifying ...: the act of giving official notice or information 2: a written or printed matter that gives notice...." *Webster's Third International Dictionary*, 1963 Ed. (emphasis added).

The phrase "notification is sent" is not ambiguous. Nor do we believe that it was by accident that the legislature preceded that language with the directive that notification be sent "at the time the action is brought". Application of common everyday usage to the statutory language evidences the legislative intent that, at the time of filing, the commission receive written verification that a civil action has been filed which could result in a claim against the Education and Recovery Fund.[1] The record now before the court shows that not only did appellant Yoder fail to provide some form of written, verifiable, notification, but by his own testimony, no notification was provided "at the time the action [was] brought". This record supports the result reached by the Commission and later affirmed on appeal to the District Court of Tulsa County. The alleged notification was neither sufficient nor timely.

■ Lastly, appellant contends that the interests of justice require that estoppel should apply against the Commission in this case. Application of estoppel against government agencies is not favored; and is to be applied only when its application furthers a "compelling policy or interest." *Burdick v. Independent School District No. 89 of Oklahoma County*, Okl., 702 P.2d 48, 53 (1985). The facts of this case do not support imposition of the *Burdick* exception.

Accordingly, the opinion of the Court of Appeals is VACATED; the judgment of the District Court of Tulsa County is AFFIRMED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON and SUMMERS, JJ., concur.

---

1. We also note that the applicable provision of the statute has been recently amended. Title 59 O.S.Supp.1988 § 858–603(A)(3) now states:

3. "At the commencement of an action, the party filing the action shall immediately notify the Commission to this effect *in writing* and provide the Commission with a file-stamped copy of the petition or affidavit. Said Commission shall have the right to enter an appearance, intervene in, defend, or take any such action it may deem appropriate to protect the integrity of the Fund. The Commission may waive the notification requirement if it determines that the public interest is best served by the waiver, that is to best meet the ends of justice and that the person making application made a good faith effort to comply with the notification requirements;" (emphasis added).

The amended form of this statute accomplishes two apparent goals of the legislature. First, it even more clearly states the legislative intent that only written notification is sufficient "notice" of an action preceding the making of a claim against the Real Estate Education and Recovery Fund. Second, the statute, as modified, now confers discretion on the Commission to waive the written notice requirement: discretion the Commission did not have under the precursor to the current statute. *County Board of Equalization of Pittsburg County v. Muskogee Industrial Finance Corp.*, Okl., 357 P.2d 224 (1960); *Pirkey v. State, ex. rel. Martin*, Okl., 327 P.2d 463 (1958).

KAUGER, J., concurs in part and dissents in part.

HODGES, J., dissents.