**In re Tony W. WARD and Margaret L. Ward, Debtors.**

**Bankruptcy No. 95–14236–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

Nov. 16, 1995.

Kenneth C. McCoy, Oklahoma City, Oklahoma, for debtors.

Letha Sweeney, Oklahoma City, Oklahoma, for Chapter 13 Trustee.

### ORDER ON CHAPTER 13 TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF HOMESTEAD EXEMPTION

PAUL B. LINDSEY, Chief Judge.

On July 27, 1995, debtors filed a joint voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On August 31, 1995, debtors filed the required Schedule C—Property Claimed As Exempt, claiming as their exempt homestead 80 acres of rural property located in Lincoln County, Oklahoma, in which, according to their schedules, debtors' equity exceeds $29,000.

On September 21, 1995, the standing Chapter 13 trustee timely filed an objection to debtors' claimed homestead exemption, asserting that debtors operate an auto repair facility on their homestead property. The trustee argues that because the homestead is used both for residence and business purposes, Okla.Stat. tit. 31, § 2 (1991) limits the value of debtors' exemption to $5,000.[1] She

---

1. Okla.Stat. tit. 31, § 2 provides as follows:

The homestead of any family in this state or the homestead of a single, adult person in this state, not within any city, town or village, shall consist of not more than one hundred sixty acres (160) of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city, or town, owned and occupied as a residence only, shall consist of not exceeding one (1) acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of Five Thousand Dollars ($5,000.00), and in no event shall the homestead be reduced to less than one-quarter (¼) of an acre, without regard to value: And provided, further, that in case said homestead is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of Five Thousand Dollars ($5,000.00): Provided, that nothing in the laws of the United States, or any treaties with the Indian tribes in the state, shall deprive any Indian or other allot-

therefore objects to debtors' claim for exemption to the extent that its value exceeds $5,000.

At the hearing on the trustee's objection, held October 25, 1995, debtors testified that their 80-acre homestead was not located within any city, town or village, that they assigned a value of $60,000 to the property, and that the debt against the property was approximately $31,000. Debtors further testified that of the entire 80 acres, only 2 acres are used for the auto repair facility, and that the remaining acres serve as their residence or are currently in cultivation.

At the conclusion of that hearing, after having heard the testimony and the arguments by counsel, the court took the matter under advisement.

## DISCUSSION

As support for her objection, the trustee cites *In re Rashid,* 97 B.R. 610 (W.D.Okla. 1989). In *Rashid,* the bankruptcy debtor claimed a homestead exemption in property comprised of less than a ¼ acre located within the city of Sayre, Oklahoma. A creditor objected to the claimed exemption on the basis that the homestead property was used for both residence and business purposes. The court, having found that debtor utilized the property as alleged, held that Okla.Stat. tit. 31, § 2 limited the value of debtor's homestead exemption to $5,000.

In this matter, however, the court is of the view that the trustee's reliance on *Rashid* is misplaced, and, for the reasons discussed *infra,* that portion of the relevant statute providing for such limitation is inapplicable to the facts of this case.

The trustee's argument assumes that the $5,000 limitation for homesteads used for both residential and business purposes is equally applicable to property located within or without a city, town or village.

In his argument in opposition, debtors' counsel urged, without referring the court to any specific authority, that application of this limitation to owners of rural property who operate farming or ranching operations on their homesteads, would limit their claim for homestead exemption to a value of $5,000, even in circumstances where the quantity of land claimed as homestead was within the statutory limitation. This argument placed before the court the issue of whether the subject limitation is applicable to rural property.

This court, after having reviewed the few reported Oklahoma decisions involving the applicability of the subject limitation, including *Rashid,* notes that in each instance where the limitation has been applied, the property claimed as exempt homestead by the debtor was located within a city, town or village. *See, In re Hughes,* 166 B.R. 957 (Bankr. E.D.Okla.1994) (property located within City of Muskogee, Oklahoma); *In re Ozey,* 171 B.R. 116 (Bankr.N.D.Okla.1994) (property located within the City of Tulsa, Oklahoma); *In re Landry* 183 B.R. 899 (Bankr.W.D.Okla. 1995) (property located in Oklahoma City, Oklahoma). This court has found no reported Oklahoma decisions where the subject limitation has been applied to rural property.

The manner in which Okla.Stat. tit. 31, § 2 (1991) is constructed lends support to debtors' position. The only reference to a rural homestead is within the first full sentence of the provision, and the only limitations upon such a homestead are that it not be within any city, town or village and that it consist of not more than 160 acres of land. The second sentence of the provision, while far from being a model of clarity, initially refers to a homestead which is within a city or town, is occupied as a residence only and does not exceed one acre of land. Immediately following that language, separated only by a colon, is the first proviso, that "the same" not exceed $5,000 in value, but that in no event shall it be reduced to less than one-quarter of an acre, without regard to value. The next proviso, again separated only by a colon, is that in case "said homestead" is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of $5,000.

tee of the benefit of the homestead and exemption laws of the state: And provided, further, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired.

The latter proviso was undoubtedly intended to define the effect upon a homestead interest within a city or town, if the same was owned and occupied other than as a residence only. It immediately follows, within the same sentence, the description of such an urban homestead, and refers to "said homestead." The reference can not logically or rationally be interpreted or construed as being to the rural homestead described in the preceding sentence.

This court is therefore of the view that the value limitation on a homestead used for both business and residence purposes is applicable only to a homestead within a city or town, and that it has no applicability to a homestead not within a city, town or village. Trustee makes no other argument in support of the objection to the claim of exemption. The objection of the trustee to debtors' claim of exemption of their homestead must therefore be overruled.

IT IS SO ORDERED.